BISHOP, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 2—May 23, 1916.*

*Rape: Assault with intent: Evidence: Sufficiency.*

Evidence *held* sufficient to sustain a conviction of assault with intent to rape.

ERROR to review a judgment of the circuit court for Washburn county: BYRON B. PARK, Judge.  *Affirmed.*

The plaintiff in error (hereinafter called the defendant) was convicted in the Washburn county circuit court of an assault with intent to rape and was sentenced for a term of three years in the state prison.

The victim of the alleged assault was one Stella Bixby and the crime is alleged to have been committed on the 1st day of September, 1915. in the general store building of John Bixby, her husband, in the village of Trego.  It appears from the

record that John Bixby left his wife in charge of the store on that day while he went out of the village to look at a cranberry marsh. Stella Bixby testified that about 8 o'clock in the evening she extinguished all but one light in the store and proceeded to lock it up for the night; that the defendant at this time came into the store; that she asked him if there was anything he wanted and he replied that he did not know as there was; that she took the keys out of the show case and came around to the outside of the counter and started for the outside door to lock it, when the defendant grabbed her and in the struggle backed her down the store to where there was a large flour bench on which flour was piled and tried to push her over onto the flour bench; that he made several attempts to get his hand under her clothes, while holding her tightly with the other hand and arm, and tore her dress in several places; that during the scuffle she grabbed an ax handle and made repeated attempts to strike defendant with it; that she succeeded in getting released from his grip and struck him, whereupon the defendant fled toward the front door; that she pursued him and struck him again as he was going through the door. John Bixby, her husband, had returned from the country in the meantime, and upon hearing a noise and the fall of dishes or pans in the store ran to the rear entrance, and as he stepped in the door he saw his wife strike some man with the ax handle as he was passing out of the front door. John Bixby testified that he could not swear that it was the defendant.

The defendant's defense was an *alibi*. Several witnesses testified to the effect that defendant remained at his pool room until after the Chicago train passed through Trego at 8:19 p. m. and that he then locked his pool room and walked home on the south side of the street at the same time that Mr. and Mrs. William Bishop were walking in the same direction on the north side of the street. The witnesses went to defendant's house and remained there until he went to bed at 10

o'clock.   Vina Bishop and Lulu Sinclair, both daughters of
the defendant, also testified that defendant came home a few
minutes after the Chicago train had gone through Trego and
remained at home until he retired at about 10 o'clock that
night.   The defendant did not take the stand in his own be-
half.

Mr. and Mrs. Aitkin testified that they saw the defendant
walking from the direction of the Bixby store at about the
time Stella Bixby testified the offense was committed.

The jury found the defendant guilty of assault with intent
to commit rape as charged in the information.   The court
sentenced the defendant to a three-year term in the state
prison.

The cause was submitted for the plaintiff in error on the
brief of *McNally & Doar,* and for the defendant in error on
that of the *Attorney General* and *J. E. Messerschmidt,* assist-
ant attorney general.

SIEBECKER, J.   It is contended that the evidence fails to
show that the defendant assaulted the complaining witness
with intent to violate her person forcibly and against her will.
The evidence is ample to support the finding that defendant
committed an assault upon Mrs. Bixby.   The claim is made,
however, that the facts and circumstances shown by the evi-
dence do not permit of the inference that the assault was
made with intent to commit rape.   The features of the case
characterizing the assault clearly disclose that defendant had
the criminal intent of having carnal intercourse with the
prosecutrix.   The question is, Did he purpose to violate her
person forcibly and against her will?   The evidence tends to
show that there was a most violent assault and that defendant
persisted therein until he met most effectual resistance by his
victim and was in peril of discovery by others.   The record
discloses surrounding conditions of the assault as testified to
by the prosecutrix which justified the jury in finding that the

defendant desisted from his intent of violating the woman forcibly and against her will by the impending peril of bodily injury from her physical resistance and the fear of discovery by other persons coming to her rescue.    It is a reasonable inference from the facts that the defendant became aware of Mr. Bixby's approach and that he realized from the resistance he met that he was in imminent peril of discovery, which caused him to flee.    Under these conditions the offense is complete if the jury believed the assault was made with the intent to violate the woman forcibly and against her will. We are of the opinion that the evidence sustains the verdict and that the judgment of conviction is proper.

*By the Court.*—The judgment is affirmed.