| 50 | 189 |
|----|-----|
| 96 | 476 |

| 50 | 189 |
|----|-----|
| 104 | 12 |

| 50 | 189 |
|----|-----|
| 118 | 500 |

| 50 | 189 |
|----|-----|
| 122 | 84 |

| 50 | 18) |
|----|-----|
| 129 | 486 |

</div>

## THE STATE v. ATHERTON.

1. **Criminal Law: RAPE.**   Upon the trial of one indicted for rape, an
   instruction directing the jury that they might find the defendant guilty
   if the woman failed to resist because she was imbecile was *held* to have
   been properly given, although the record contained no evidence tend-
   ing to show imbecility.

2. ———: ———: **ASSAULT.**   A person may be indicted for rape, and
   conviction for that offense fail by reason of evidence of the woman's
   consent, yet if, before the consent was given, it appears that the de-
   fendant used such force as to evince an intention to commit rape, the
   defendant may be convicted of an assault with intent to commit rape.

<div align="center">

*Appeal from Harrison District Court.*

THURSDAY, DECEMBER 12.

</div>

THE defendant was indicted for the crime of rape, and con-
victed of an assault with an intent to commit rape, and now
appeals to this court.

*Montgomery & Scott,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

ADAMS, J.—The defendant assigns as error the giving of an instruction which is in these words: "The general proposition of law is very distinct and broad that the will of the woman must oppose the act of intercourse with her, and that any inclination by her favoring the same is fatal to the prosecution; but if the female is weak in intellect and foolish, and so neglects to oppose the force because she has no intelligent will sufficient to direct her to resist, then the intercourse with her is rape. If, therefore, you find that the defendant Atherton laid hold of the witness, Sarah E. Harper, and had unlawful intercourse with her, and you further find that the witness Sarah was then weak in mind and intellect, and had no intelligent will to enable her to know and comprehend what was about to done by the defendant, and to resist his acts at the time, then the act may be said to have been committed by force and against the will of said Sarah, and under such circumstances the defendant would be guilty as charged."

The fact that the defendant had connection with the prosecuting witness is proven beyond dispute. She not only so testifies, but it is proven by the admissions of the defendant. It appears also that the act was witnessed by a person at no great distance from the parties, and this person was introduced by the defendant himself to prove that he witnessed it. The defendant's object in introducing this witness was to prove that the prosecutrix made no resistance, and the witness so testified. There were also circumstances shown tending to prove that whatever resistance, if any, the prosecutrix made must have been slight. She and the defendant were riding together in a wagon upon a public road, and the transaction took place in the wagon, she occupying a sitting position. Such being the evidence in regard to a want of resistance the State sought to convict on the ground that the prosecutrix was imbecile, and the instruction above quoted was given upon the theory that the jury might find that she was imbecile, and might convict notwithstanding it should appear to them that there was a want of resistance upon her part.

The record contains no evidence tending to show imbecility, nor does it contain any statement that such evidence was introduced. The record, however, does not purport to contain all the evidence, and in such case we will not assume, for the purpose of reversing, that there was no evidence upon which the instruction could be based. *McMillan v. The B. & M. R. R. Co.*, 46 Iowa, 231. The instruction, indeed, is not objected to on the ground that there was no evidence tending to show imbecility, but on the ground that if imbecility was proven the defendant was not guilty of rape, and could be indicted and convicted only under section 3863 of the Code. We are inclined to think that if the prosecutrix was so destitute of mind that she was incapable of consent, the defendant was guilty of rape, and might be convicted independent of the section cited. 2 Bishop's Crim. Law (5th Ed.), § 1121.

Whether section 3863 of the Code is not intended to provide for the punishment of an offense distinct from that of rape, to-wit: the having carnal knowledge of a woman, not altogether by force, nor because she has no will, but because her will is overcome by reason of her imbecility, which prevents her from fully comprehending not the physical but the moral character of the act, may admit of some doubt; but we do not feel called upon to determine this question in this case. Under the instruction the jury must have found that the connection, which is undisputed, was had with the prosecutrix's intelligent consent. As this is what the defendant sought to show, we do not think that, so far as the instruction is concerned, he has any ground of complaint.

It only remains to be determined whether the jury, after having found that the prosecutrix consented to the connection, and that the defendant was, therefore, not guilty of rape, could properly find that the defendant was guilty of an assault with an intent to commit rape. There is evidence tending to show that the defendant in the outset used some force, and that the prosecutrix made some resistance. Now the use of force, in an endeavor to have car-

2. ———: ———: assault.

nal knowledge of a woman, tends to show an intent to commit rape, and such intent may exist consistently with the fact of a subsequent consent. A person, then, may be indicted for rape, and if the conviction for that offense is prevented by reason of evidence ·of the woman's consent, yet if, before the consent was given,· it appears that the defendant used such force as to evince an intention to commit rape, the defendant may be convicted of an assault with an intent to commit. rape. *State v. Cross,* 12 Iowa, 66.

                                                        AFFIRMED.