## THE OHIO SUPREME COURT

No. 17588—Samuel T. Wellman II et. al v. The Cleveland Trust Company et al. Error to the Court of Appeals of Cuyahoga county.

INHERITANCE TAX—(1) Interpretation of—(2) Rights of income beneficiaries—(3) Reimbursement of the estate—Payment of devise—Amoritisement.

ROBINSON, J.:

1. The Inheritance Tax Act, to accomplish the purpose for which enacted, must be so interpreted as to authorize the payment of the tax by the administrator, executor or trustee out of the corpus of the estate passing.

2. Where an estate is conveyed or devised in trust with provisions for the payment of the income thereof to various beneficiaries in succession, and upon the death of all such income-beneficiaries the corpus of the estate to the remainderman, in the absence of any provision in the trust agreement or the will to the contrary, the corpus of the estate will not be reimbursed by the income-beneficiaries.

3. Where there is a devise of a definite sum, of definite property, or of a fixed annuity, or where the trust agreement provides for the payment of a definit sum, the transfer of property, or the payment of a fixed annuity, and such sum, property or annuity is not dependent as to amount upon the income of the estate and the trust agreement or the will is silent as to the payment of the inheritance tax, the administrator, executor or trustee paying the tax will reimburse the corpus of the estate from the property passing, and where the reimbursement is from annuities the reimbursement will be amortized over the period of expectancy of life ascertained by the mortality tables used by the superintendent of insurance in ascertaining the expectancy of life of an insured.

Judgment affirmed.

Marshall, C. J., Wanamaker, Jones, Matthias and Day, JJ., concur.

---

## OPINIONS

No. 227

STATE v. DRISCOLL

Ohio Supreme Court

No. 17036. Oct. 10, 1922

CRIMINAL LAW—RAPE—(1) Failure to charge as to include offenses, not error, when—(2) Uncontradicted evidence and failure to charge, may dispense with necessity for certain instructions, as to personality of the female.

MARSHALL, C. J.:

Epitomized Opinion

Crawford County Common Pleas

The prosecuting witness, Gladys Cosgrove, aged 17 years, procured a taxicab, at a public station, in Bucyrus, to take her to her home, about three-fourths of a mile distant. The defendant, an employe of the taxicab company, started to take her, but instead of going directly, drove into the country and criminally assaulted her, against her continued resistance. The defendant contradicted the girl's story and endeavored to make it a case of consent. He was found guilty, and the common pleas rendered judgment against him.

The Court of Appeals reversed the judgment for alleged error in the charge, and particularly refused to disturb it on the weight of evidence. The Court of Common Pleas had failed to charge the jury that rape included the lesser offenses of assault and battery, and had omitted to enumerate as elements necessary to a conviction, the fact that the person alleged to have been raped was a person other than the daughter or sister of the accused or female person under twelve years of age. These two points were assigned as error, but the Court of Appeals refused to reverse upon the first one, on the ground that no request had been made by the accused for such an instruction, but did reverse the judgment upon the second one. The Supreme Court in reversing the Appellate Court upon this point held:

1. Upon the trial of an indictment for rape, where the defendant admits the act of intercourse, and defends upon the sole ground of consent, it is not error for the court to omit to instruct the jury that they may find the defendant not guilty of rape but guilty of assault and battery or assault.

2. Upon an indictment of rape charging the defendant with carnal knowledge of a female person other than the daughter or sister of the accused, and not being a female under twelve years of age, where the uncontradicted evidence shows such female to be no relation to the accused and to be over twelve years of age, the omission by the trial judge to instruct the jury that they must find the subject of the rape was a female person other than the daughter or sister of the accused and not under twelve years of age, without any request on the part of counsel for the accused for such instruction, is not reversible error.

Attorneys—Chester A. Meek, Pros. for State; Edward J. Myers, for Driscoll.