Taylor, Plaintiff in error, vs. The State, Defendant in error.

*April 7—May 1, 1923.*

*Rape: Assault with intent to commit: Elements: Resistance of woman: Materiality: Intent: Degree of proof.*

1. The two indispensable elements of the offense of assault with intent to rape are the assault and the intent. The degree of resistance by the prosecutrix may be material in determining the intent of the defendant, but if the assault and the intent are shown it is no defense that the prosecutrix did not use the utmost resistance required for a conviction of rape.
2. One may be convicted of an assault with intent to commit rape though he desists before his purpose is accomplished.
3. In a prosecution for assault with intent to commit rape it must be shown beyond a reasonable doubt that defendant committed an assault and intended to accomplish his purpose, notwithstanding any resistance on the part of the prosecutrix.

ERROR to review a judgment of the circuit court for Pierce county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

The cause was submitted for the plaintiff in error on the brief of *W. G. Haddow* of Ellsworth, and for the defendant in error on that of the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Kenneth S. White,* district attorney of Pierce county.

JONES, J.   Plaintiff in error, hereafter called defendant, was convicted of the offense of assault with intent to commit rape, and was sentenced to serve two years at hard labor at Waupun.

The prosecuting witness lived upon an island in the Mississippi river with her husband and eight-year-old daughter. Defendant, for two or three months prior to the assault, had lived in a house-boat near the island. No one else lived on the island. Defendant had known the family for several months and had been quite friendly with the little girl.

On the day of the assault the prosecuting witness was washing clothes in the rear of her home.  When defendant came he asked her where her husband was and she said he was up the river fishing.  She testified that the defendant came up behind her and asked her to have intercourse with him; that upon her refusal he seized her by the arms and attempted to throw her to the ground; that she screamed and struggled and tried to get away; that while behind her he seized her, holding her arms tightly so that she could not strike or bite him; that he grabbed her so quickly she could not run away; that after she screamed for help her daughter ran from the other side of the house and defendant released her and went away.

She testified that when her daughter Florence came she struck the defendant.  Florence swore that she was playing on the other side of the house; that she could not see her

mother unless she looked under the house; that she heard her mother scream for help twice; that she went around with a club, and said to defendant "You get out of here," but did not hit him. She testified that her mother was sitting on her feet while defendant had hold of her. This was explained by the mother, who swore that she was standing when he seized her and that he had pushed her down to that position.

The prosecutrix was accustomed to doing her own domestic work, but was not very strong, and weighed about ninety-eight pounds. It does not appear that she suffered any physical injuries as a result of the assault or that her clothes were torn or damaged.

The husband of the prosecutrix returned from a fishing trip at noon, found his wife crying, and was told of the assault. He testified that when he went out to cut wood he saw defendant and asked him if he tried to rape his wife; that defendant said he did; and that he then said he was going to have him arrested. A witness for defendant testified that defendant told him he had asked the prosecuting witness to have intercourse with him; that she had refused; and that he had then gone back to his house-boat.

Counsel for defendant attacks the judgment on the sole ground that the verdict is not sustained by the evidence. It is argued that there was no evidence upon which the jury could properly find that defendant intended to use whatever force was necessary to accomplish his purpose. The following cases are cited in support of the contention: *Moore v. State,* 79 Wis. 546, 48 N. W. 653; *Brown v. State,* 127 Wis. 193, 106 N. W. 536; *McLain v. State,* 159 Wis. 204, 149 N. W. 771; *B—— v. State,* 166 Wis. 525, 166 N. W. 32.

In the *Moore Case* the defendant struggled with the witness, tore her clothes, and threatened her. But it also appeared that the prosecutrix had met defendant on a public street for the first time early that evening; that they had

spent the evening together; that previous to the assault she had sat on his lap and kissed him a number of times; and that she had allowed him to take improper liberties with her person. The court said (p. 550):

"Her conduct, under the circumstances stated, however, was well calculated to invite importunities. He appears to have been excessively importunate, . . . but the evidence is not such as to warrant a verdict that he was guilty of an assault upon her with intent to carnally know and ravish her by force and against her will."

The *Brown* and *B——— Cases* were convictions for rape. These convictions were set aside on the ground that the resistance offered by the complaining witnesses did not warrant a verdict that the act was committed against their will.

*McLain v. State* was also a conviction for rape, and this judgment was sustained on the showing that the prosecutrix was physically unable to offer the degree of resistance to be expected of a normal woman.

Counsel for the state cite *Skulhus v. State,* 159 Wis. 475, 150 N. W. 503, and *Bishop v. State,* 163 Wis. 359, 157 N. W. 1100. In these cases the defendants were convicted of assault with intent to commit rape.

In the first case the defendant represented himself to be a doctor who was soliciting memberships in a home insurance company. He entered a house uninvited, asked the prosecutrix to join the society, and offered to take her measurements and examine her. Upon her refusal he seized her and attempted to take her into a bedroom, but released her and left the house as soon as she screamed. In sustaining the conviction the court said (p. 477):

"He did not commit the crime for which he was convicted, unless at the time he made the assault, or at some time during its continuance, he purposed violating the woman, as charged, forcibly and against her will. If he did, it matters not that fear of detection and the consequences of his act, or the manner and degree of resistance, caused him to desist."

Taylor v. State, 180 Wis. 577.

In the *Bishop Case* defendant entered the store which the prosecutrix was in charge of just as she was locking the door, and after a few words seized her and attempted to force her upon a pile of sacks of flour. The determined resistance of the woman caused him to desist and leave the store. In that case it was argued unsuccessfully that the evidence failed to show an intent to violate the person of the witness forcibly and against her will.

In the present case there is no doubt that defendant made the assault with a criminal intent upon a slender woman who had given him no reason to expect that she would consent to any unlawful act. Apparently there was every opportunity to accomplish his purpose whether it was to gratify his passion with the consent of the prosecutrix or by using the utmost violence. The natural protector of the prosecutrix was away. Defendant did not know that the little daughter was in the vicinity. There was no other house on the island and none within hearing distance of any outcry which might be made.

Defendant's counsel greatly relies on the absence of proof as to fighting on the part of the complaining witness and on the fact that her clothing was not torn. According to her testimony, which is wholly undisputed, as defendant was not sworn, the manner in which defendant seized and held her gave little opportunity for her to give other resistance than that to which she testified.

If the prosecution were for rape these circumstances on which defendant's counsel relies would be of much greater significance. They would have an important bearing on the question whether the woman assaulted had used that extreme degree of resistance which must be proven before a rape is accomplished. If in this case defendant had the intent charged and had succeeded in its execution, it is impossible to say what the final resistance would have been or what might have been the condition of the clothing and the person of the victim.

As implied in the name of the offense, the two indispensable elements are the assault and the intent. When the assault is proven the degree of resistance offered may be very material in determining whether the defendant is merely soliciting sexual intercourse with much or little importunity and without the intent of actually committing rape. But if the assault and the intent combine, it is not a defense that the woman has not used the same utmost resistance required of her for conviction on the charge of rape. This follows from the nature of the two offenses, because it often happens that the formed intent has been abandoned.

It has even been held that when a defendant has made the assault with intent to ravish and the woman after resistance yields voluntarily so that there is no rape, the offense of assault with intent to commit rape remains. *State v. Atherton*, 50 Iowa, 189; 1 Bishop, Criminal Law (8th ed.) § 733; 22 Ruling Case Law, 1234.

It is hardly necessary to cite authorities to the proposition that, if there is assault with the present intention to commit rape, the defendant may be convicted of the assault with the intent although he desists before the purpose is accomplished. This was illustrated in one of the cases above quoted.

We regard it as a very important feature of this case that Florence came when her mother screamed for help. It would be a very degraded moral pervert who would persist in attempting to commit the crime of rape after a third person, even a child only eight years old, suddenly appeared upon the scene. While there were some inconsistencies between the accounts given by the mother and the child they were perhaps no greater than might be expected under the circumstances, and their testimony was wholly uncontradicted.

There is no question that the rule of law asserted by counsel for defendant as to the intent of defendant is correct.

It is necessary to show in such a case beyond a reasonable doubt that the defendant has committed an assault and that he intended to gratify his passion on the person of the woman notwithstanding any resistance on her part. This rule was carefully submitted in the instructions to the jury. They found the defendant guilty, the court approved their verdict, and we see no good reason to reverse the judgment.

*By the Court.*—Judgment affirmed.