### 11363

### STATE v. RODDEY

#### (120 S. E., 359)

1. Criminal Law—Whether Evidence Inconsistent With Defendant's Innocence Held For Jury.—Whether the evidence fulfills the requirement that all the facts and circumstances must be inconsistent with defendant's innocence is a question for the jury.

2. Criminal Law—Rules as to Conclusiveness of Trial Court's Rulings as to Sufficiency of Evidence Stated.—Unless there was a total failure of competent evidence, tending to establish the charge alleged, the trial Court's denial of motions for a directed verdict and for new trial based on the insufficiency of the evidence may not be impeached for error of law.

3. Criminal Law—Supreme Court Has Power to Correct Only Errors of Law.—In a law case the Supreme Court has power to correct only errors of law.

Before Johnson, J., Spartanburg, Spring Term, 1923. Affirmed.

Henry Roddey indicted for larceny and upon conviction appeals.

*Messrs. C. P. Sims* and *L. G. Southard* for appellant.

*Mr. I. C. Blackwood, Solicitor,* for the State.

December 8, 1923.

The opinion of the Court was delivered by MR JUSTICE MARION.

The defendant was convicted of grand larceny. From sentence he appeals upon two exceptions, which assign error in the refusal of the trial Court (1) to grant his motion for a directed verdict, and (2) to grant his motion for a new trial. Both of said motions were based upon the same ground, viz., that the evidence was as a matter of law insufficient to warrant a conviction, and the appeal raises the one question of whether reversible error of law may be imputed to the trial Judge in overruling defendant's contention in that regard.

Appellant's legal position is that the evidence was circumstantial and that the circumstances relied upon to establish guilt "did not measure up to the requirements of the law, in that the same could have been true, and yet the defendant could have been innocent." That position is untenable. Whether the evidence adduced fulfills the requirement of the rule of evidence that all the facts and circumstances must be consistent with the guilt of the accused, and inconsistent with his innocence, is a question that goes to the weight of the evidence, and is clearly for the determination of the jury, as the triers of the facts, under appropriate instructions of the Court.

Under the well-settled rule, unless there was a total failure of competent evidence tending to establish the charge laid in the indictment, the trial Court's rulings upon motions of this character may not be impeached for error of law, the only class of errors which in a law case this Court has power to correct. We have carefully

·examined the transcript of the evidence printed in the case. We think the evidence was amply sufficient to warrant the submission of the case to the jury. Since that is the only conclusion pertinent to this appeal, a review and analysis of the evidentiary facts would subserve no useful purpose.

The exceptions must be overruled and the judgment of the Circuit Court affirmed.