### STATE v. HARRELL *ET AL.*

(140 S. E., 258)

1. INTOXICATING LIQUORS—EVIDENCE HELD TO SUSTAIN CONVICTION FOR UNLAWFUL TRANSPORTATION.—Evidence *held* to sustain conviction for unlawful transportation of intoxicating liquor.

2. CRIMINAL LAW—RULING THAT EVIDENCE DID NOT SHOW UNLAWFUL RECEIPT OF LIQUOR HELD NOT TO PRECLUDE CONVICTION FOR UNLAWFUL TRANSPORTATION.—Court's ruling that there was no evidence tending to show that defendants received whisky for unlawful use *held* not to preclude conviction for unlawful transportation.

3. CRIMINAL LAW—CROSS-EXAMINATION OF DEFENDANT RESPECTING HIS WILLINGNESS TO EXHIBIT HIS FEET HELD NOT TO SHOW THAT HE WAS COMPELLED TO GIVE TESTIMONY AGAINST HIMSELF.—In prosecution for violation of prohibition law (Cr. Code, 1922, § 820 et seq., as amended), cross-examination of defendant with respect to willingness to exhibit his feet *held* not to show that he was compelled to give testimony against himself.

4. WITNESSES—CROSS-EXAMINATION RESPECTING DEFENDANT'S WILLING-
NESS TO EXHIBIT HIS FEET HELD NOT TO HAVE EFFECT OF DEPRIVING
HIM OF IMPARTIAL TRIAL.—Cross-examination of defendant respect-
ing his willingness to exhibit his feet *held* not so prejudicial as to
amount to the deprivation of a fair and impartial trial.

5. CRIMINAL LAW—IN PROSECUTION FOR TRANSPORTING LIQUOR, COURT'S
FAILURE TO SPECIFICALLY DEFINE TERM "TRANSPORTING" HELD NOT
ERROR.—In prosecution for transporting intoxicating liquor, Court's
failure to specifically define the term "transporting" *held* not
prejudicial.

6. CRIMINAL LAW—ON APPEAL, DEFENDANTS MAY NOT COMPLAIN OF
INSTRUCTIONS AFFECTING COUNT ON WHICH THEY WERE ACQUITTED.
—Defendants cannot complain on appeal that law was not properly
stated with respect to a count on which they were acquitted.

7. INTOXICATING LIQUORS—SENTENCE OF SIX MONTHS TO COUNTY CHAIN
GANG AND SIX MONTHS AT HARD LABOR IN PENITENTIARY FOR TRANS-
PORTING LIQUOR HELD NOT EXCESSIVE (CONST. ART. 1, § 19).—Sent-
ence to county chain gang for period of six months and for a like
period at hard labor in the State penitentiary, on conviction for
transporting intoxicating liquor, *held* not unjust, unreasonable, or
excessive, in violation of Const. Art. 1, § 19.

Before TOWNSEND, J., Darlington, February, 1926. Af-
firmed.

Wallace Harrell and others were convicted of unlawfully
transporting intoxicating liquor, and they appeal.

The Judge's charge and the exceptions were as follows:

## JUDGE'S CHARGE

"Mr. Foreman and Gentlemen of the jury: The three
defendants, Wallace Harrell, Jim Shirley, and Murray Wil-
liams, are indicted and charged with violation of the prohi-
bition law in a number of particulars charged in this indict-
ment. There are only two, however, to which you need give
attention; that is, the charge of stilling and manufacturing
whisky contained in the first count, and the charge of trans-
porting whisky, or conveying it from one place to another,
contained in the fourth count, of the indictment. There is
no evidence tending to show storing and keeping in posses-

sion, or receiving for unlawful use, contained in the second, third, and fifth counts of the indictment. So, as to the second, third, and fifth counts of the indictment, the defendants are entitled to be acquitted; but you are to determine from the evidence whether the charges contained in the first and fourth counts of the indictment have been proved.

"The charge in the first count is distilling and manufacturing alcoholic liquors, used as a beverage, and containing more than 1 per cent. alcohol, and the charge in the fourth count of the indictment is transporting such liquor from one place to another. These are the charges you are to consider, and the burden is upon the State to prove the defendants, or such of them as you may find guilty, guilty beyond a reasonable doubt, before you should convict them. A reasonable doubt is some doubt for which you can give a reason growing out of the testimony. It may be because of a lack of evidence sufficient to show guilt, or because of the presence of some evidence which raises a reasonable doubt as to their guilt.

"Where circumstantial evidence is relied upon to show guilt, the circumstances relied upon as a basis of the inference of guilt must be proved beyond a reasonable doubt, and they must point to the guilt of the accused, and must satisfy you of his guilt beyond a reasonable doubt, and they must be inconsistent with any reasonable theory of his innocence.

"Where a person is charged with having committed a crime at a particular place and at a particular time, and he shows that at that particular time he was at a different place, that would entitle him to an acquittal, on the ground that no person can be at two different places at the same time. If the evidence tends to show that he was at a different place from the place where the crime was committed and is sufficient to raise a reasonable doubt in your mind as to whether he was present at the time and place when and where the

crime was committed, that would entitle him to an acquittal. In order to convict, the evidence must satisfy you beyond a reasonable doubt of the guilt of the accused.

"Now, there are three defendants on trial. If any one of them took part in the distilling, manufacturing, or transporting of liquor as charged in this indictment, that one would be guilty. If more than one of them took part in so manufacturing, distilling, or transporting liquor, the ones so taking part would be guilty. If all of them took part in the distilling or transporting of liquor, then all of them would be guilty.

"Now, the form of your verdict which you may find in this case would be either guilty on the first count, which would mean all were guilty on the first count; or guilty on the fourth count, which would mean all were guilty on the fourth count; or guilty on the first and fourth counts, which would mean all were guilty on the first and fourth counts; or one or more, mentioning those by name you may find to be guilty, guilty on the first or guilty on the fourth count, or guilty on the first and fourth counts, according as you may view the testimony; or, not guilty.

"Write your verdict on the back of this indictment, and put it in this envelope, and seal it up, tell the constable at the door you have agreed; that is, if it is after 1:30 o'clock. Then they will let you out, and bring it back into Court at 3 o'clock."

### EXCEPTIONS

"From the judgment and sentence aforesaid defendants appeal to the Supreme Court on the following exceptions:

"I. Because there was no evidence to sustain any count in the indictment, and the trial Judge erred in refusing the motion for a directed verdict of acquittal.

"II. Because the evidence was insufficient to support a verdict of guilty on the charge of transportation.

"III. Because, having held that there was no evidence tending to show that defendants received whisky for unlawful use, it followed that there was no evidence of transportation thereof for unlawful use, and the trial Judge erred in not directing a verdict accordingly.

"IV. Because the trial Judge erred in admitting, over objection of the defendant Harrell, the following testimony:

" 'By Mr. Hough: Q. Well, I can't get your socks off, Mr. Harrell; you did not take them off before the Sheriff? A. No, sir.

" 'Q. You deny that; would you mind showing your feet to-day?  A. No, sir.

" 'Q. I would like to see them, if you don't mind.  (Objected to.)

" 'The Court:  It is not for you to object.  There is no objection to it, if he does not object.  Do you object to doing it?  You don't have to.

" 'Q. Do you want to?  A. I would not show it; the Sheriff has done looked at it.

" 'Q. You refuse to show it; did he see it with the socks off?  A. No, sir.'

"It is respectfully submitted that this defendant was thus compelled to testify against himself, in violation of Article 1, § 17, of the Constitution of this State, and Article 5 of the Amendments to the Constitution of the United States, and, further, that such cross-examination was so prejudicial as to deprive this defendant of the fair and impartial trial guaranteed to him by the Constitution and the laws.

"V. Because his Honor, the trial Judge, erred in not declaring the law as to the several counts of the indictment, and especially as to the count charging transportation, it being respectfully submitted that no definition of any offense was given, and no instruction at all as to what constituted unlawful transportation.  Appellants were thus deprived of the protection guaranteed to them by Section 26, Art. 5, of the Constitution.

"VI. Because his Honor abused his discretion in the sentence imposed, and thereby committed reversible error, said sentence being unjust, unreasonable, and excessive, and in violation of Const. Art. 1, § 19."

*Messrs. Miller, Lawson & Stokes,* for appellants, Wallace Harrell and Jim Shirley, cite: *Possession of liquor is not presumption that owner transported same:* 129 S. C., 452. *To constitute the offense of transporting there must be a transportation for an · unlawful purpose:* 138 S. C., 96. *Defendant in criminal cases cannot be compelled to testify against himself:* 129 S. C., 200; I Whart. Cr. Ev., Sec. 315; 2 Id., Sec. 796; 44 Am. Rep., 717; 30 Am. Rep., 72; Ar. I, Sec. 17, Const. *Duty of Court to declare the law although no charge is requested:* 109 S. C., 245; 119 S. C., 149. *Unreasonable sentence in violation of* Ar. 1,. Sec. 19, Const.: 138 S. C., 30.

*Solicitor M. J. Hough,* for respondent.

November 15, 1927.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The defendants Wallace Harrell, Jim Shirley, and Murray Williams were indicted in the Court of General Sessions for Darlington County for violation of the prohibition law (Cr. Code, 1922, § 820 et seq., as amended) under five counts.

The case came on for trial before his Honor, Judge W. H. Townsend, and a jury, at Darlington, February 9, 1926. His Honor, the presiding Judge, directed a verdict of acquittal as to all counts of the indictment except two, the charge of distilling and manufacturing, contained in the first count, and the charge of transporting whisky, contained in the fourth count. The defendants were convicted on the fourth count and sentenced to serve on the County chain gang for a period for six months, or for a like period at hard

labor in the State penitentiary. From the verdict and sentence imposed thereon, the defendants have appealed to this Court, imputing error to his Honor, the presiding Judge, in the particulars set out under the several exceptions, which, together with the charge, will be reported.

The exceptions raise five questions; the first being:

1    Was there any evidence sufficient to support the verdict of guilty on the charge of transporting? An examination of the record discloses testimony tending to show that on the night of April 27, 1925, having located a distilling outfit in Lynch's Creek, in Darlington County, Mr. Segars, the County Rural Policeman of Darlington County, the Sheriff, and several deputies, took their position at the edge of this creek or swamp, near a path which led to the still in the creek, a distance of 200 yards away. About 12 o'clock that night, the defendants came out of the swamp, passing near by the rural policeman, Mr. Segars, and the others with him. One of the defendants, Wallace Harrell, carrying a lantern, was leading the way. Next to Harrell was the defendant Jim Shirley, with a torch of fire in his hand, and the defendant Murray Williams followed closely behind. Each of these defendants carried a sack containing three gallons of corn whisky, which was captured as the defendants fled on being halted. Mr. Segars testified positively that he recognized each of the defendants at the time, stating that he was in two steps of them when they passed him, that he was well acquainted with them and recognized each of them. After the defendants fled, Mr. Segars and the others of the party went back to the still, to which place the path led from the spot the defendants were seen, and found the still set up and in operation, and also found a small quantity of whiskey at the still. We think this evidence ample to support the verdict of guilty on the charge of transportation.

The second question raised by the exceptions, stated in the language of appellants' counsel, is: "Having held that there was no evidence tending to show that the defendants received whiskey for unlawful use, was it error to refuse to hold that there was no evidence of transportation?" As stated above, in our consideration of the first question, it clearly appears that the evidence was sufficient to support the verdict of guilty on the charge of transporting. In our opinion, under the testimony, the case should have been submitted to the jury on the charge of receiving as well as on the charge of transporting; the evidence being sufficient to base a conviction on both of these charges, and, because the presiding judge saw fit not to submit to the jury the charge on receiving, is no ground of appeal, for the defendants were not prejudiced but benefitted by this act.

The third question raised by the exceptions is: "Did his Honor, the presiding Judge, err in admitting, over the objection of the defendant Wallace Harrell, the following testimony:

"Mr. Hough. Q. Well, I can't get your sox off, Mr. Harrell; you did not take them off before the sheriff? A. No, sir.

"Q. You deny that; would you mind showing your feet today? A. No, sir.

"Q. I would like to see them if you don't mind. (Objected to.)

"The Court: It is not for you to object. There is no objection to it, if he does not object. Do you object to doing it? You don't have to.

"Q. Do you want to? A. I would not show it; the sheriff has done looked at it.

"Q. You refuse to show it; did he see it with the sox off? A. No, sir—"

As we view the testimony, there is nothing to indicate

that the defendant was compelled to testify against himself. In view of the full and able discussion of the law on this question by Mr. Justice Cothran in the opinion rendered in the recent case of *State v. Griffin,* 129 S. C., 200; 124 S. E. 81; 35 A. L. R., 1227, we consider a discussion of the law on the subject at this time unnecessary. The opinion in that case and the authorities cited thereunder show that the position of counsel is not tenable.

Appellants make the further contention that the cross-examination of this witness, the defendant Harrell, as revealed in the testimony quoted, was so prejudicial as to deprive him of a fair and impartial trial. We do not accept this view, and think there is nothing disclosed in the record that could be construed as depriving the defendant of a fair and impartial trial.

The fourth question raised complains of the presiding Judge committing error in failing to declare the law as to the several counts of the indictment and especially as to the count charging transportation. There were only two counts submitted to the jury, a verdict of acquittal having been directed on all of the other counts. Therefore, there could be no reason for declaring the law as to any of the counts except the first and fourth, those submitted to the jury, charging distilling and transportation, respectively. The jury having rendered a verdict of guilty on the fourth count only, the appellants cannot complain with reference to the law not having been declared as to the first count, and appellants will be heard only with reference to the fourth count, the count on which they were convicted, that charging transportation of whisky. While under the Constitution, as contended by appellants, it is the duty of the presiding Judge to declare the law governing questions submitted to the jury, and it does not appear from the record in the case that his Honor, the presiding Judge, gave to the jury a definition of the term "transporting" or that he went

into an explanation as to what acts were necessary to be proven in order for the defendants to be convicted on the charge of transporting, the term "transporting" is of such simple English and its meaning so well understood by all classes that a definition of the term could not be said to be necessary. His Honor instructed the jury that the charge in the fourth count (the one on which the defendants were convicted) is transporting such liquor from "one place to another." We think the jury well understood what was necessary to be proven in order for the defendants to be convicted on this count. It is noticeable that no request for fuller explanation was made by counsel for appellants.

The fifth question is based on the sixth exception, as follows:

"Because his Honor abused his discretion in the sentence imposed, and thereby committed reversible error; said sentence being unjust, unreasonable, and excessive, and in violation of the Constitution (Article 1, § 19)."

We have made a careful study of the record in the case, and cannot agree with the contention of appellants. This exception, as we view the record, is without merit.

The exceptions are, therefore, overruled, and it is the judgment of this Court that the judgment of the lower Court be, and the same is hereby, affirmed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease and Stabler concur.