16929

THE STATE, Respondent, v. CHRISTOPHER M. HENDERSON, Appellant

(84 S. E. (2d) 626)

Messrs. *Sam R. Watt, Sam N. Burts,* and *Chester D. Ward, Jr.,* of Spartanburg, *for Appellant,*

Messrs. *J. Allen Lambright, Solicitor,* and *J. Wright Nash, Assistant Solicitor, Seventh Judicial Circuit, for Respondent,*

November 15, 1954.

STUKES, Justice.

Appellant was tried upon an indictment which was reduced on motion of the Solicitor to two counts: first, rape; and second, assault and battery of a high and aggravated nature. The jury convicted him upon the second count and he has appealed.

The first question is stated in the brief as follows: "1. Where a jury acquits a defendant of rape, but finds him guilty of assault and battery of a high and aggravated nature, can this verdict be sustained as a matter of law when both the prosecutrix and the defendant admitted the penetration, the former contending it was accomplished with force and without consent, but the latter averring it was done with consent and without force?"

The point was not timely made upon trial and is, therefore, not available on appeal. It should have been made before the issues were submitted to the jury; instead, a contrary position was taken at that time. Counsel for the defendant, who formerly had a long and successful experience as Solicitor, moved at the close of the evidence for a directed verdict of acquittal upon the first count of the indictment. Upon refsual, he moved the court to reduce the charge to assault and battery, which was also refused. Appellant is bound by his expressed view of the evidence; he cannot blow hot and cold. For the reason stated the first ground of appeal is overruled without decision upon the merits of it.

The second ground of appeal points to prejudicial error which requires reversal for new trial. After the jury retired and began their consideration they returned from their room and asked for additional instructions with reference to assault and battery of a high and aggravated nature. The court responded with rather lengthy further instructions, after which the following transpired:

"The Court: Anything further now, gentlemen?

"Mr. Lambright: Not for the State.

"Mr. Watt: Your Honor, in view of that, those instructions, we think the Court should instruct the jury also that if the prosecutrix consented, then it could not be an assault and battery of a high and aggravated nature.

"The Court: Well, I charged indecent liberties or familiarities with a female, without her consent. * * * I think my charge covers it. Let your record show Mr. Watt requested charges on it and I am of opinion it is sufficiently covered in the charge which I have given."

Although perhaps sufficiently covered in the general charge, if it stood alone, appellant was entitled to clarification of the additional instructions in accord with counsel's pertinent request. Without it the additional instructions were incomplete and prejudicial to appellant.

The case is reversed for new trial.

OXNER and LEGGE, JJ., concur.

TAYLOR, J., and M. M. MANN, Acting Associate Justice, dissent.

TAYLOR, Justice (dissenting).

I regret that I cannot concur in the majority opinion.

Appellant was brought to trial during the June, 1953, Term of General Sessions Court for Spartanburg County upon an indictment containing three counts: First, rape; second, assault with intent to ravish; and, third, assault and battery of a high and aggravated nature. During the trial of the case, the second count was withdrawn by the State leaving the first and third counts.

Upon conclusion of the testimony, motion was made for directed verdict as to the first count which was refused. Then motion was made to reduce the charge to assault and battery which was also denied. The jury found appellant guilty of assault and battery of a high and aggravated nature. After the verdict, motion was made for arrest of judg-

ment, and, failing in that, appellant then moved for a new trial.

The grounds upon which such motions were made are stated below and are the same except Number 9 which appears in the motion for a new trial only:

"1. In that the evidence shows that the defendant was guilty of rape or nothing, for the reason that the essential elements of rape are: penetration accompanied by force without consent of the prosecutrix, and it is admitted by both the prosecutrix and the defendant that there was a penetration; therefore, the finding of the jury that the defendant was not guilty of rape was of itself a finding that the prosecutrix consented and that the sexual relations were not accompanied by force, and there is no independent evidence of force unaccompanied by alleged rape.

"2. In that the jury by a verdict of not guilty as to the charge of rape has conclusively found that there was no force used by the defendant and that the prosecutrix consented to the act complained of.

"3. In that the offense of assault and battery of a high and aggravated nature was not an issue in the case after the prosecutrix and the defendant admitted penetration.

"4. In that the verdict of 'Guilty of assault and battery of a high and aggravated nature' cannot be allowed to stand under the facts of the case since the jury has exonerated him of the charge of rape.

"5. In that there is no competent evidence to sustain the verdict of 'Guilty of assault and battery of a high and aggravated nature.'

"6. In that the verdict of the jury is contrary to the law and the evidence in the case.

"7. In that the lesser crime of assault and battery of a high and aggravated nature, under the facts of the case, merged into the greater crime of rape for the only issue upon which the jury could have found the defendant guilty was that of rape.

"8. In that His Honor erred in charging the jury as to the law on assault and battery of high and aggravated nature, since there was not testimony to warrant such charge for if the defendant was under the evidence, guilty of any offense, it was that of rape.

"9. In that His Honor erred in failing to charge the following requests of the defendant: "It is a material part of the State's case in a prosecution for rape to show complaint at the first opportunity', the error being that this request to charge is a sound proposition of law."

The foregoing motions being denied, appellant now comes to this Court upon exceptions which present the question of whether or not a verdict of guilty of assault and battery of a high and aggravated nature can be sustained as a matter of law where in a trial for rape both the prosecutrix and the defendant admit penetration, the prosecutrix contending such penetration was accomplished by force and against her will while appellant contends that it was with the acquiescence and consent of the prosecuting witness.

This Court has not had occasion to pass upon this precise question heretofore, although it was presented in *State v. Floyd*, 223 S. C. 413, 414, 76 S. E. (2d) 291. The case was reversed for other reasons. And the recent case of *State v. Self*, S. C., 82 S. E. (2d) 63, the latest opinion of this Court on assault and battery of a high and aggravated nature, sheds very little or no light upon the question for determination here.

It would serve no useful purpose to relate here the sordid details of the occasion, but it is sufficient to say that the testimony of the prosecutrix is contradictory and cannot be reconciled with that of appellant except in minor instances and the one fact that penetration was accomplished. Appellant contended that the intercourse was with the consent and acquiescence of the prosecutrix and she contended it was through the use of force and against her will.

In *State v. Driscoll*, 1922, 106 Ohio St. 33, 138 N. E. 376, 378, the prosecutrix testified that she engaged a cab

driver to take her to a specific place but instead he drove her to another and forced her into the back seat and without her consent and against her will had intercourse with her. The cab driver, on the other hand, admitted having intercourse with the prosecuting witness and contended that he drove to this place at her suggestion, that she made the advances and that such intercourse was by her consent. The Ohio Supreme Court in its opinion stated:

"The only question for determination is whether there was any evidence tending to prove the accused not guilty of rape and guilty of an assault and battery or assault. It must be borne in mind that the accused admitted in the course of his own examination while testifying in his own behalf that he had had complete sexual relations with the prosecuting witness, and that his only defense was that such intercourse was not only with her full and free consent, but, if his testimony is to be believed, was also by her encouragement. Consent or nonresistance in a prosecution for rape, is a complete defense, just as insanity, or an alibi, would be; and, furthermore, consent would be a complete defense to the included offenses of assault and battery and assault. The defendant's lecherous conduct leading up to the commission of the act, during all of which time he was entertaining the criminal intent, cannot by any refinements of reasoning be separated from its complete accomplishment. The preliminary steps of the crime, which counsel for the accused contend amount to assault and battery, are just as much a part of the crime as the final stages. If defendant had failed in his criminal purpose by reason of resistance which he was unable to overcome, there would be a foundation for a charge of the included and lesser offenses of assault and battery and assault, upon request at the proper time, but under the record before us such a charge would be tantamount to an invitation to the jury to compromise with crime, and if they should yield thereto it would place them in position to exercise the executive function of commuting the punishment. * * * The complete intercourse was not only proven, but

admitted, and, if it was accomplished without consent and with force, the defendant was clearly guilty of the major offense, while if it was accomplished by consent he would be guilty of no offense at all."

This line of reasoning has been followed in other states. As far back as 1904, in *People v. Keith,* 141 Cal. 686, 75 P. 304, 305, the Supreme Court of California stated:

"It is complained that the court refused to instruct that the jury might find the defendant guilty of rape, assault with intent to commit rape, battery and assault, and in fact instructed only as to the crime charged. The evidence in the case admitted of no doubt as to the sexual intercourse. If it was with the consent of the prosecutrix, there was no offense at all included in the crime charged; if it was without her consent and under the circumstances, it could have been nothing but rape. It was one thing or the other, and there was no evidence tending to reduce the offense."

And in 1911, the Supreme Court of Illinois, in *People v. Lewis,* 252 Ill. 281, 96 N. E. 1005, 1007, stated:

"It is undoubtedly true that, under an indictment for rape, the defendant may be found guilty of an assault with intent to commit rape, as the higher and more atrocious crime embraces all the elements of the lesser offense. It is only, however, in cases where the evidence requires or permits it, that the jury may convict of the crime of assault with intent to commit rape under an indictment charging the crime of rape. * * * In this case, if the jury believed any crime had been committed, they would not have been warranted in indulging a doubt that the crime committed was rape, and not an assault with intent to commit rape. The testimony of the two children, if believed, was conclusive that the act of sexual intercourse had been complete, and, if the jury believed that this assault had been committed forcibly and against the will of Mrs. Weller, they could have returned no other verdict than that of guilty of rape. These two instructions simply amounted to an invitation to the jury to return a compromise verdict, which the facts would not warrant."

In *Parrett v. State,* 200 Ind. 7, 159 N. E. 755, 760, when a similar question was before the Supreme Court of Indiana, the Court stated:

"It is claimed that this instruction [rape or no rape] is erroneous, because it required the jury to find the appellant either guilty or not guilty of rape, and gave the jury no opportunity to find the defendant guilty of the crime of attempt to rape, or the crime of assault and battery with intent. There is no evidence in this case showing that the appellant Parrett was guilty of committing an assault or assault and battery upon the prosecutrix with any other intention than to commit the crime of rape upon her. Appellant Parrett testified that he had intercourse with her, and that she consented thereto. The sexual intercourse complained of having been admitted by appellant, only one question remained, and that was whether it took place under circumstances which constituted it a rape.

"In the case made by the evidence, where the act of intercourse is admitted by the defendant in his testimony as it is in this case, the refusal of the court to instruct the jury that they might find the defendant guilty of assault or assault and battery or assault with intent to rape is not error."

The State takes the position that the graver offense must necessarily include the minor offense; that the jury should in all cases be instructed that the defendant may be convicted of the lesser offense, necessarily involved in the graver offense, where the evidence submitted, under any view thereof, will authorize conviction of the lesser grade, *Moore v. State,* 151 Ga. 648, 108 S. E. 47; and that a conviction of the minor offense is valid even though the facts proven would have been sufficient to convict on the graver, they having the right to believe any part or all of the testimony and disregard any part or all of such testimony as they saw fit.

In the instant case, there is no evidence to the effect that there was no penetration. The testimony of both appellant and the prosecutrix is explicit as to this; therefore, if the

jury believed the prosecutrix that such penetration was accomplished through the use of force and against her will, the crime was rape. If they believed his testimony that such penetration was accomplished through her acquiescence and consent, he could not have been guilty of rape or assault and battery of a high and aggravated nature; and, if they disbelieved the testimony of both, the verdict should have been "not guilty". Every rape necessarily includes a battery, for one cannot commit this crime without inflicting upon his victim a personal injury which is the legal equivalent of a battery, *Goldin v. State,* 104 Ga. 549, 30 S. E. 749; but it does not necessarily follow that one may be found guilty of the lesser offense regardless of the testimony and such verdict permitted to stand. Just as assault and battery are of necessity an integral part of the crime of rape, so it is in the crime of murder; but where all the evidence clearly and conclusively shows that the unlawful act relied upon by the State involved the use of a deadly weapon resulting in the death of another, and there is no evidence to the contrary, the failure of the Court to charge on assault, or assault and battery, is not error. It is also proper for the Court to refuse to charge on the question of assault or of assault and battery in a prosecution of one for manslaughter in killing a child, while driving an automobile in violation of the law, where the overwhelming evidence is clear, convincing, and conclusive that the killing of the child was the natural and direct result of the car striking it; and there is no suggestion to the contrary. See 26 Am. Jur., Sec. 561. This principle is so well established that it is unnecessary to cite further authority.

Regardless of the theory under which this case is viewed, it is controlled (as are all cases) by the evidence adduced. Respondent in his brief argues that there is some doubt of penetration, but the evidence and all inferences reasonably deducible therefrom are conclusive of the fact that there was penetration. This being so, such penetration, if accomplished by force and without the consent of the prosecutrix, was

rape. If with the consent and acquiescence of the prosecutrix, it could be neither rape nor assault and battery of a high and aggravated nature; if juries are permitted to find otherwise, they may in effect compromise the law, which should not be sanctioned by the Courts, therefore, I am of the opinion that the judgment and sentence appealed from should be reversed and set aside.

M. M. MANN, Acting Associate Justice, concurs.