17108

The STATE, Respondent, v. HOWARD COLLINS, ARCHIE BLACK and AL COLEMAN, Appellants

(91 S. E. (2d) 259)

538

*George F. Coleman, Esq.,* of Winnsboro, *for Appellants,*

*Robert W. Hemphill, Esq., Solicitor,* of Chester, *for Respondent,*

January 25, 1956.

STUKES, Justice.

The appellants were tried upon an indictment which contained three counts: (1) rape; (2) assault with intent to

ravish; and (3) assault and battery of a high and aggravated nature. The jury by their verdict acquitted the appellants upon the first two counts and found them guilty on the third—assault and battery of a high and aggravated nature. Motion for direction of the verdict generally, that is as to all counts, was made and refused, but the record indicates that no grounds for the motion were stated. After verdict appellants moved for judgment notwithstanding the verdict or, in the alternative, for new trial, which was refused. Grounds were stated, some of which are preserved in the questions on appeal and will be referred to in our subsequent disposition of the questions.

The prosecutrix was a little over fourteen years old when she was married with her parents' consent about a year before the events under investigation, and was about fifteen and a half years old at the time of the trial in February 1955. (The appellants are much older and two of them were married and fathers by that time.)

She, her husband, her brother (who was in Germany at the time of trial) and his soldier-guest from Fort Jackson went to a cafe in Winnsboro at eleven o'clock at night and the men drank beer, but she did not. When they left a little after midnight her husband's car would not start and her brother and the others in another car pushed them off in an unsuccessful effort to start her husband's car. Shortly afterward the three appellants and another, one Mode, in appellant Collins' automobile, overtook them, whereupon her brother and his friends hastily departed in their car, and the appellants began to push the stalled car. Failing to start it promptly, they all got out of their respective cars except the prosecutrix and she finally did, at the instance, she testified, of the appellants who threatened her husband and forcibly put her in their car with the understanding that they would take her to her nearby home, which was in or near the Winnsboro Mills village.

The prosecutrix and her husband testified that appellants posed as plainclothes C. I. D. men (which the record indi-

cates to mean Counter Intelligence Division) and said that they were looking for eight service men who had been A. W. O. L. (absent without leave) for forty days. They called one of themselves a captain, another a lieutenant and the third a sergeant. (In fact, only one of the three was in the military service, and he an airman first class.) With her in their car they gave her husband's car a final push which started it and her husband had to jump in the car and steer it in order to avoid colliding with other cars which were parked there. Appellants immediately turned their car away and drove through the village, passing the home of the prosecutrix, which she pointed out, without stopping or slowing and refused to let her out. They then drove through the main street of the town and let Mode out; then out on a highway, turned on a dirt road, stopped and each in turn had intercourse with her, one of them twice, before they returned to Winnsboro—all over her objection and resistance, she said.

She testified further that as they first drove through and on out of town she was frightened and the appellants made the threat that unless she cooperated they would, quoting, "get your husband and lock him up," and they hugged and kissed her despite her resistance and tearful entreaties to be taken home.

When they got back to town they drove into a filling station, which was open, but did not stop, thence out on another highway and then back to town to a house where she represented to them that more girls could be secured; this, she said, was a ruse to get away from appellants. It was then after two o'clock in the morning. She got out and knocked on the door of the house, to which there was no answer, and she went next door, which was the home of a Mrs. Porter. The latter's son answered the knock of the prosecutrix and she went in, whereupon the appellants drove off in their automobile. The prosecutrix made complaint to Mrs. Porter and her son, was crying and hysterical, and he and a neighbor took her to her mother's home, where her husband soon found her.

He had reported the disappearance of his wife to officers and, with the aid of relatives, searched the town and its environs for her in vain. A policeman was on the lookout for appellants' automobile and recognized it when it drove in the filling station upon return from the country, but it was lost to the policeman's view before he could turn his automobile around and pursue it.

There are numerous exceptions which counsel for appellants reduced in his brief to a lesser number of questions and some of them he expressly abandoned in argument. Those preserved are summarized in the conclusion of the brief, which we shall follow in our discussion of them.

The first and major question is stated by counsel as follows: Where a jury acquits a defendant of rape, but finds him guilty of assault and battery of a high and aggravated nature, can this verdict be sustained as a matter of law, when both the prosecutrix and the defendant admitted the penetration, the former contending it was accomplished with force and without consent, but the latter averring it was done with consent and without force?

Like contention appears to have been heretofore made in this court only in the case of *State v. Henderson*, 226 S. C. 227, 84 S. E. (2d) 626, in which the point was not decided. The foregoing statement of the question was taken *verbatim* from the report of that case, for which appellants' counsel made acknowledgment in oral argument. In support of it he cites, apparently also from the *Henderson case*: *State v. Driscoll*, 1932, 106 Ohio St. 33, 138 N. E. 376; *People v. Lewis*, 1911, 252 Ill. 281, 96 N. E. 1005; and *People v. Keith*, 1904, 141 Cal. 686, 75 P. 304. However, reference to these decisions shows that in none of them was the result reached which appellants seek. In *State v. Driscoll* conviction of rape was affirmed and failure to charge upon lesser offenses was held not error. In *People v. Lewis* the indictment and conviction were for rape; instruction of the jury upon assault with intent to commit rape was held to be error under the facts, but not prejudicial error. The holding in

*People v. Keith,* in which the indictment did not contain separate counts of the lesser offenses, is accurately summarized in the syllabus, as follows: "Where, in a prosecution for rape, the evidence admits of no doubt as to the sexual intercourse, and there is no evidence tending to reduce the offense, it is not error to refuse to charge on assault with attempt to rape and other lesser offenses."

On the other hand, the authorities which are directly in point that we have found are against appellants' position. They follow.

In *State v. Cross,* 12 Iowa 66, 79 Am. Dec. 519, conviction of assault with intent to commit rape was affirmed and it was said: "While if he had been convicted of the higher offense we might have inclined to the opinion that the testimony was not sufficient, we easily arrive at a different conclusion when the jury have only found the assault with intent. Of course, if there was consent on the part of the prosecutrix, there could be no such violence as to render the prisoner guilty, for if the liberties were taken with her consent, there could be no rape, nor yet an assault with that intent. But where the assault is made by the prisoner with the intent to commit the offense, and this is clearly shown, the jury might convict, though not satisfied that at the time he consummated his purpose, there was such want of consent as to constitute the higher crime.  *  *  *  The jury must be satisfied before they could convict for the assault, that the prisoner intended to gratify his passion on the person of the prosecutrix, at all events, and notwithstanding any resistance on her part, and yet this might be done, though they were not satisfied that the resistance on her part was so continued and persistent as to prove guilt of the higher crime, when he succeeds in having carnal knowledge. * * * And then again, there is a wide difference between consent and submission. Consent involves submission, but a mere submission by no means necessarily involves consent. * * *"

Likewise in *State v. Atherton,* 50 Iowa 189, 32 Am. Rep. 134, conviction of assault with intent to rape was affirmed.

We quote from the opinion: "The fact that the defendant had connection with the prosecuting witness is proven beyond dispute. She not only so testifies, but it is proven by the admission of the defendant. It appears also that the act was witnessed by a person at no great distance from the parties, and this person was introduced by the defendant himself to prove that he witnessed it. The defendant's object in introducing this witness was to prove that the prosecutrix made no resistance, and that the witness so testified. There were also circumstances shown tending to prove that whatever resistance, if any, the prosecutrix made must have been slight. She and the defendant were riding together in a wagon upon a public road, and the transaction took place in the wagon, she occupying a sitting position. * * * It only remains to be determined whether the jury, after having found that the prosecutrix consented to the connection, and that the defendant was therefore not guilty of rape, could properly find that the defendant was guilty of an assault with an attempt to commit rape. There was evidence tending to show that the defendant in the outset used some force, and that the prosecutrix made some resistance. Now the use of force, in an endeavor to have carnal knowledge of a woman, tends to show an intent to commit rape, and such intent may exist consistently with the fact of a subsequent consent. A person, then, may be indicted for rape, and if the conviction for that offense is prevented by reason of evidence of the woman's consent, yet if, before the consent was given, it appears that the defendant used such force as to evince an intention to commit rape, the defendant may be convicted of an assault with an attempt to commit rape."

In *Taylor v. State*, 1923, 180 Wis. 577, 193 N. W. 353, 355, in affirming conviction of assault with intent to rape, the court said: "It has even been held that when a defendant has made the assault with intent to ravish and the woman after resistance yields voluntarily so that there is no rape, the offense of assault with intent to commit rape remains. *State v. Atherton*, 50 Iowa 189, 32 Am. Rep. 134; 1 Bishop

Criminal Law (8th Ed.) § 733; 22 Ruling Case Law, p. 1234."

*State v. Hartigan,* 32 Vt. 607, 78 Am. Dec. 609, is an especially well-reasoned decision. It affirmed conviction upon the second count of an indictment which charged assault with attempt to commit rape, there having been an acquittal on the first count of rape, as in the case at bar. The instruction to the jury was that if they found that the defendant laid hold of the person of the woman and pushed her with the intention (subsequently found by the jury) and that she resisted for a time but ultimately yielded, they might find him guilty of the second count, although they might find that the sexual connection which followed was with her consent. In the course of the opinion it was said: "But it is claimed that the subsequent yielding and consent of the woman to the sexual intercourse which followed has relation back to and covers the preceding acts; or, stated in equivalent words, that the ultimate consent of the woman should have retroactive effect by relation, and operate as a condonation of a crime which had become complete. The rules of criminal law are not founded upon legal fictions, and the doctrine of relation, however useful it may be as a rule defining or regulating private rights in a civil suit, has no application in criminal proceedings. * * * It has never been regarded as a legal excuse for the consummated offense that the woman consented after the fact, and we regard this principle as being applicable to the case of an assault with an intent to commit a rape as well as to the higher offense." This decision is cited for the text in 44 Am. Jur. 927, Rape, Sec. 43, Consent, as follows: "The ultimate consent of a woman does not have a retroactive effect," etc. And the following is from the same volume, p. 982, Sec. 127: "* * * A defendant charged with rape may be found guilty of the offense of an assault with attempt to commit rape, or of an assault and battery."

The encyclopedias follow the rule of the decisions which we have cited. Reference has already been made to American

Jurisprudence. Arkansas and Iowa cases are cited in the footnote for the following in 75 C. J. S., Rape, § 26, p. 492, Want of Consent: "If the female resists for a time but finally consents to intercourse, the man may be guilty of assault with intent to commit rape." "* * * If there be an assault without an intent to ravish by force, then it has been held that a conviction for assault with intent to ravish cannot be sustained. In such case, however, *there may be a conviction for assault.*" 1 Wharton's Criminal Law 1021, 1022, sec. 749. (Italics added.)

The cases (and texts) which have been cited for affirmance go further than is necessary in order to affirm this case. They were convictions of assault with intent to rape. Here the conviction was only of assault and battery of a high and aggravated nature, without the intent. And the testimony of the prosecutrix and her husband fully supported the verdict—that the defendants forced her into their car and there restrained her and forcibly took indecent liberties with her person before finally having intercourse with her. Granting, as appellants contend, that acquittal of the charge of rape established consent to the intercourse, by the same token there is implicit in the verdict the finding that the prosecutrix did not consent to the prior acts of the appellants which constituted an assault of a high and aggravated nature, as to which the jury were fully instructed, and the evidence amply sustains the finding. Naturally, it was sharply contradicted by the testimony of the appellants, and by some of the circumstances; but it was for the jury, not the court, to weigh the evidence. We quote from the opinion in *State v. Boone,* a capital case, S. C., 90 S. E. (2d) 640, 644: "Appellant moved for the direction of a verdict of not guilty as well as for a new trial, both of which were refused. We have repeatedly held that if there be any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely a suspicion or conjecture in regard to it, the case should be submitted to the jury.

In passing upon a motion for a directed verdict, the function of the court is not to pass upon the weight of the evidence, but is to determine its sufficiency to support the verdict. *State v. Roddey,* 126 S. C. 499, 120 S. E. 359; *State v. Brown,* 205 S. C. 514, 520, 32 S. E. (2d) 825; *State v. Goodson,* 225 S. C. 418, 82 S. E. (2d) 804 and *State v. Riley,* 219 S. C. 112, 64 S. E. (2d) 127."

Error is further assigned in the admission of the testimony of Mrs. Porter of the alleged details of the complaint made to her by the prosecutrix, upon her escape from the appellants. The reference is to the following question and answer of this witness:

"Q. What did she complain of having happen to her? A. Well, about these fellows having taken her off in a car."

As is shown in the foregoing excerpt from the record, there was no objection to the question or answer. Therefore, whether the answer was an objectionable detail of the complaint need not be inquired into. Decisions relating to this exception to the hearsay rule are collected in 16 S. E. Dig., Rape, Par. 48 *et seq.,* p. 189.

The remaining contentions of error relate to the failure of the court to direct a verdict of acquittal on the second count—assault with intent to ravish—and in instructing the jury upon the applicable law, this because the appellants and the prosecutrix admitted the intercourse.

The authorities which have been cited above show that the evidence in such a case as this may warrant conviction of assault with intent to ravish even though there may be subsequent consent or submission to intercourse; but that question is not presented by this appeal because of the following stated considerations.

As earlier mentioned, appellants' motion to direct the verdict was general and equally applicable to all counts of the indictment, and stated no grounds. In denying appellants' motion for judgment notwithstanding the verdict the court said to counsel: "I am very frank to tell you I would

have directed a verdict on that count but for the fact (that) in your argument you didn't make any motion on that ground because everybody knew, I think, connected with the case, there wouldn't be any verdict on that count anyway."

Moreover, the jury acquitted the appellants on this second count of the indictment so no prejudice resulted· to them from the failure of their counsel to move for direction of the verdict specifically as to it or from the instructions to the jury thereabout. *State v. Richardson,* 47 S. C. 18, 24 S. E. 1028. *State v. Harrell,* 142 S. C. 24, 140 S. E. 258. *State v. Chambers,* 194 S. C. 197, 9 S. E. (2d) 549.

The court fully instructed the jury as to the law applicable to the third count of the indictment, upon which appellants were convicted. The following is from the main charge:

"Now, the third count of the indictment, as I told you, charges an assault and battery of a high and aggravated nature, sometimes called an 'indecent assault', and I will endeavor to define that offense to you. An assault and battery of a high and aggravated nature is an unlawful act of violent injury to the person of another accompanied by circumstances of aggravation such as the taking of indecent liberties or familiarities with a female without her consent, or the use of a deadly weapon, the infliction of a serious bodily injury, the intent to commit a felony, a great disparity between the ages, and the physical conditions of the parties, or a difference in the sexes, and I believe I have already told you, or indecent liberties or familiarities with a female without her consent."

When the jury were excused and opportunity given appellants' counsel to request additional instructions, requests were made, in response to which the jury were further instructed, in part, as follows:

"And he asked me to charge you that if there were any indecent liberties taken with a female, if they were taken with her consent, then, of course, the offense of assault and

battery of a high and aggravated nature would not be committed. I have already covered that I am quite certain because I told you, as I recall, that assault and battery of a high and aggravated nature was an act of violent injury to the person of another accompanied by circumstances of aggravation such as indecent liberties or familiarities with a female without her consent  *  *  *. But, of course, I may just charge you generally there that consent by the female negatives any criminal act under any one of the three indictments that the State might indict a person for. In other words, if a woman consents to a man to have intercourse with her, there can't be any rape. If she consents there can't be any assault with intent to ravish. If she consents to a man having indecent familiarities with her, of course, there wouldn't be any assault and battery of a high and aggravated nature, but the consent must be before the act is committed, and not after.  *  *  *"

We find no error and the judgment is affirmed.

OXNER and LEGGE, JJ., and G. BADGER BAKER, Acting Associate Justice, concur.

TAYLOR, J., dissents.

TAYLOR, Justice (dissenting).

The reasoning in the majority opinion is in conflict with and cannot be reconciled with that of the State of Ohio, *State v. Driscoll*, 1922, 106 Ohio St. 33, 138 N. E. 376, 378; Illinois, *People v. Lewis*, 252 Ill. 281, 96 N. E. 1005; California, *People v. Keith*, 141 Cal. 686, 75 P. 304; and Indiana, *Parrett v. State*, 200 Ind. 7, 159 N. E. 755; and in my opinion is not as sound and logical as that appearing in the above cited opinions. I, therefore, beg to dissent upon the grounds stated therein and the dissenting opinion in *State v. Henderson*, 226 S. C. 227, 84 S. E. (2d) 626.