**HENDRICKSON MACHINE CO v SCHUMACHER CO**

Ohio Appeals, 5th Dist, Stark Co
No. 1005.   Decided October 17, 1929

Messrs. Thomas McDermott and Lynch, Day, Pontius & Lynch, Canton, for Hendrickson Machine Co.

Messrs. Gnau & Miller, Canton, for Schumacher Co.

**HOUCK, J.**

Coming now to a brief discussion of the facts, it seems a waste of time to remind counsel that questions of fact are for the determination of the jury. As to whether or not a contract was made, was for the determination of the jury in the light of the evidence offered by plaintiff and defendant. It is further within the province of the jury, under the evidence offered in the case, to determine whether or not there was was a breach of the contract as alleged and set forth in the petition of the defendant.

The rule seems to be well settled that to constitute a valid contract there must be parties capable to contract, a lawful subject matter of contract, a sufficient consideration therefor, and an actual agreement between the parties to do or to forbear doing the thing proposed in the agreement.

It will be conceded that it is the duty of the Court to construe all contracts and to instruct the jury as to their effect and however difficult it may be to come to a conclusion when the conclusion is once reached, its legal effect is not altered by the difficulty.

Thomas v. Matthews, 94 OS. 32.
Mumaw v. Ins. Co., 97 OS. 1.

Under the facts as contained in the bill of exceptions and under the rules of law herein laid down, the finding of the jury in the instant case being based upon the disputed questions of fact presented to it in the trial, it is not within the province of a reviewing Court under such circumstances to say that the jury went wrong in returning the verdict it did.

Paragraph 5 of 11447 GC provides:
(Here follows quotation)

Tractor Co. v Kroger, 114 OS. 303
Root v. Monroeville, 16 Cir. 617.
Travelers Ins. Co. v. Rosch, 69 OS. 561.
Ohio Stock Food Co. v. Gintling, 22 Oh Ap 82.
Patton Motor Trucking Co. v. Knapp, 25 Oh Ap 89.
Dunham v. Mulvey, 24 Oh Ap 509.

An examination of the written requests given in charge before argument convinces us that the trial Judge committed no prejudicial error in submitting them to the jury. It may be stated that there is a repetition in some of these requests. Nevertheless each and all of them pertain to the determinative questions of fact involved in this controversy.

Did the trial Judge err in the general charge? A careful reading of the charge shows that the issues were properly defined and the law pertaining to the controverted questions of fact was properly given by the Court. The charge, as we view it, is a clear and concise statement of the law governing the facts as made by the proof.

Is the judgment against the manifest weight of the evidence?

"A mere difference of opinion between the Court and jury does not warrant the former in setting aside the finding of the latter.

McGatrick v. Wasson, 4 OS. 566;
French v. Millard, 2 OS. 44.
Martin v. State, 17 C. C. 469
Breese v. State, 12 OS. 146.

From the authorities here cited it is clearly evident that a verdict of a jury in order to be set aside by a reviiewing Court must be clearly and manifestly against the weight of the evidence. The mere fact that a reviewing Court might not have found upon the facts the same as the jury, yet such is not a ground for reversal unless the reviewing Court is clearly satisfied that the verdict returned by the jury is manifestly against the weight of the evidence or in fact is not supported by the evidence.

It is hardly possible in a warmly contested lawsuit like the case at bar that some error does not enter into it, but notwithstanding this, it must be such error or errors as to clearly indicate that a wrong verdict was returned by the jury before a reversal should be entered.

McHugh v. State, 42 OS. 154.

The unanimous conclusion of the Court is that the judgment of the Common Pleas Court should be affirmed.

Lemert, J., and Sherick, J, concur.