## SIMS et, etc v
## NORFOLK & WESTERN RY CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2302. Decided Nov 14, 1933

Henry G. Binns, Columbus, for plaintiffs in error.

James I. Boulger, Columbus, Louis Bannon, Portsmouth, and Harry C. Weaver, Columbus, for defendant in error.

## OPINION

By KUNKLE, J.

We cannot escape the conclusion but that counsel have presented to this court purely a moot question, as the petition in error, does not claim that the verdict of the jury is inadequate.

The rule is well settled in Ohio that a reviewing court may not disturb the judgment of a lower court unless the record contains error which is prejudicial to plaintiff in error. It is not sufficient that the record contains erroneous rulings, but such erroneous rulings must have resulted in prejudicing the rights of plaintiff in error. Unless the reviewing court so finds, it is without authority to reverse. A few of the many authorities that could be cited upon this proposition are **Hendrickson Machine Company v Schumacher Co.,** decided by the Court of Appeals of the 5th Appellate District and reported in the **Ohio Law Reporter, Vol. 31, page 381, (7 Abs 732).** The second syllabus of this case is as follows:

"2nd. It is hardly possible that some error will not occur in a warmly contested case but a reversal cannot be based on such error unless it clearly appears that a wrong verdict was returned."

In the case of **State v Driscoll,** reported in the **106 Oh St Reports at page 33,** Chief Justice Marshall in rendering the opinion of the court on page 42 uses the following language:

"The modern tendency in the courts is away from technicalities towards the substance, and the farther this trend is developed the more respect the people will have for the courts. It was formerly the view of the courts that any technical error was reversible because it **might** have prejudiced the appellant. The modern view is that it should be shown that it probably did prejudice him before a reversal was justified."

If the entire record was before us we might think the verdict of the jury was inadequate. Upon the other hand, from a review of all the testimony we might think the verdict of the jury was manifestly excessive. We do not know what the testimony was upon the question of the value of this building.

We cannot escape the conclusion, that the jury was not affected by the testimony in question. This testimony shows that the tax valuation of the property was $420.00. Under our statutes the taxing authorities are required to return the property for taxation at its true value in money. In this respect our statute differs from that of many other states. The jury as above stated found in favor of plaintiffs in error in the sum of $500.00 with interest, from June, 1928, or a total finding by the jury of $637.50. Whether the testimony in question was properly or improperly admitted in our opinion becomes immaterial for the reason that it was not prejudicial to plaintiffs in error, as it is apparent from the verdict that the jury was not controlled by this testimony. The verdict of the jury is in excess of the amount suggested in the answer of the witness Garner.

Finding no error in the record which we consider prejudicial to plaintiffs in error or which would warrant a reviewing court under the state of this record in reversing the judgment of the lower court, the same will be affirmed.

(HORNBECK, PJ, Concurs in the judgment for the reason that in my judgment the tax valuation of the property was competent evidence. It had some weight on the ultimate question for determination).

## DISSENTING OPINION

By BARNES, J.

Regretfully I find myself unable to concur with my associates in their affirmance of the judgment of the trial court. To my mind the two major propositions involved require a reversal by this court. The vital question to be determined by the jury was the value of the real estate involved. The defendant in error, over the objection of plaintiff in error called as a witness the County Auditor and through him identified the tax records and presented in evidence the tax value of the real estate. Motion was interposed to rule out this evidence, which was overruled and exception noted. In my humble judgment this evidence was incompetent.

Wigmore on Evidence, §1640, is cited in support of the admissibility of this evidence. There is language in the text so indicating, but the citations under the notes absolutely fail to support the text.

Ohio Jurisprudence, Volume 17, §172 (Evidence), states the general rule to be that the assessed valuation of property is not evidence of its value for any other than tax purposes. In support of this text the note refers to notations under 17 A.L.R., 170. We have no reported cases directly on the point in Ohio. This same announcement will be found in 22 Corpus Juris, page 178.

An examination of the cases cited in the notes and from which the text is formulated, will show that the overwhelming weight of authority in other jurisdictions denies the admissibility of the evidence.

To adopt a rule favorable to admissibility takes away the right of cross examination.

The writer of the major opinion holds to the view that there was no prejudicial error.

I am unable to see how that conclusion can be arrived at. This evidence was presented by the defendant in error for the purpose of being considered by the jury on the question of value, and it is not in the power of the court to know what weight was given to it. The fact that the jury returned a verdict $80.00 in excess of the tax value should not lead to the inference that the jury gave no weight to this evidence. It is very unusual indeed where juries are fixing values that they return a verdict in the identical figures of any witness. They are expected and instructed to give consideration to all the testimony and from such consideration return the verdict in such amount as to them seems proper under the evidence.

The record as presented, not containing all the evidence, we have no means of knowing what other testimony was presented on this issuable fact. It is not within our province to determine whether or not the amount returned by the jury was adequate. If the evidence is incompetent and if of a character directed to a vital issue in the case, a reversal is demanded unless it appears from the record and transcript before us that there was no prejudice.

In other words, it does not devolve upon the plaintiff in error to affirmatively show that this improper evidence affected the verdict. This will be presumed in the light of the issue and the character of the evidence. There is nothing in the record before us curing the error and we must so find before we can overlook the presentation of this incompetent evidence.