CLEVELAND (CITY), PLAINTIFF-APPELLEE, *v.* GRISANTI, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26189. Decided January 24, 1963.

*Mr. Bronis J. Klementowicz,* director of law, and *Mr. Joseph E. Feighan,* for plaintiff-appellee.

*Mr. George J. McMonagle,* for defendant-appellant.

(HUNSICKER and DOYLE, JJ., of the Ninth District, and HILDEBRANT, J., of the First District, sitting by assignment in the Eighth District.)

HUNSICKER, P. J.   This is an appeal on questions of law from a judgment rendered in an appropriation proceeding, brought by the city of Cleveland against Teresa Grisanti for the purpose of acquiring her property located at the corner of East 12th Street and St. Clair Avenue in the city of Cleveland.

The jury, as the assessing agency herein, determined, after hearing the testimony of witnesses skilled in determining land and building values, that Mrs. Grisanti was entitled to an award of $67,500.00 as the fair market value of the property in question.

Mrs. Grisanti thereupon appealed to this court, saying there was error prejudicial to her substantial rights in the proceedings in the Court of Common Pleas in the following respects:

"1. Error of the court in refusing to grant the defendant, Teresa Grisanti, a new trial.

"2. Error of the court in the admission of evidence duly objected to by the defendant.

"3. Error of the court in the rejection of evidence duly proffered by the defendant.

"4. Error of the court in submitting the special instructions to the jury proffered by the plaintiff.

"5. Error of the court in his general instructions to the jury.

"6. Error of the court in frequently admonishing the jury during the course of the trial that they may not take into consideration any elements pertaining to the Erieview Urban Renewal Plan without fully and completely advising the jury as to what the said plan consisted of.

"7. Deprivation of the defendant of her right to a fair and impartial trial by:

"(a) The action of the court in usurping the functions of witnesses and of the jury by volunteering statements which influenced the minds of the jury in a manner prejudicial to this defendant, commenting on the evidence and conclusions of the court as to disputed facts.

"(b) Action of the court in making a voluntary and unwarranted statement, with his voice shaking with emotion, to counsel for the defendant that counsel was not running the court.

"(c) Action of the court in requiring the trial to proceed in the face of massive publicity adverse to the rights of the defendant."

We direct our attention to the claimed error in the admission of evidence introduced by the city of Cleveland.

The deputy auditor of Cuyahoga County was permitted to testify, over the objection of Mrs. Grisanti, that in 1955 she had, in a written request for a reduction in the assessed value of her property directed to the County Auditor, asserted that the assessed value at that time should not be in excess of $17,000.00.

The trial court carefully instructed the jury that this evidence was received only as a declaration against interest, and also cautioned the jury that the valuation of property for tax assessment purposes was not to be considered as a criterion of the market value of the property.

By agreement of the parties, the son of Mrs. Grisanti (who, by reason of illness and advanced age, could not appear at the trial) was permitted to state what his mother believed her property to be worth. That sum was given as $125,000.00.

The expert witnesses who testified for the city gave the fair market value as $60,000 to $60,800. The expert called by Mrs. Grisanti testified that, in his opinion, the fair market value was $157,184.00.

It is thus seen that the amount awarded, $67,550.00, was well within the range of values set by the expert witnesses. The expert witnesses who gave testimony for the city detailed at great length their qualifications. They gave testimony as to sales of property in the vicinity of the Grisanti property, in

which land sales compared most favorably with the values as set by them. The verdict suggests that the jury were impressed by the testimony so given.

What effect the admission of the written declaration of Mrs. Grisanti, made in 1956, to secure a reduction in the tax value of her property, had, on the ultimate award fixed by the jury, is difficult to measure. The award made in the light of the evidence as to fair market value seems to indicate no great attention was paid by the jury to this testimony. The award made by the jury was nearly four times the amount set out in the written declaration.

The general rule is that the assessed valuation of property is not evidence of its value for other than tax purposes. *Bana* v. *Pittsburg Plate Glass Co.*, 48 Ohio Law Abs., 594, at p. 599, and authorities there cited.

Evidence of tax value was admitted in one case, however, on the basis of a declaration against interest, where the taxpayer had made out the report of valuation. *Toledo Consolidated St. Ry. Co.* v. *Toledo Electric St. Ry. Co.*, 12 O. C. C., 367; 5 C. D., 643, at p. 654.

The submission to the jury of tax valuation, where it is evident that the jury were not controlled by it, becomes immaterial and hence not prejudicial. *Sims, Exr.,* v. *Norfolk & Western Ry. Co.*, 48 Ohio App., 395, 195 N. E., 27.

We recognize that evidence of valuation made by a party has been accepted as proper (*Ohio Turnpike Comm.* v. *Ellis*, 164 Ohio St., 377), in an action to fix the value of such land in a proceeding similar to the instant action. In the action before us, the fair market value as of July, 1962, was to be fixed, and the declaration admitted is as of the year 1955 or 1956. The admission of such written declaration of value to the jury was improper as being too remote in time, but, under all the circumstances herein, was not prejudicial to the substantial rights of the appellant.

We next consider the claim of error in the rejection of evidence duly proffered by Mrs. Grisanti. Along with this discussion falls naturally the claim that the trial court erred in frequently admonishing the jury that they might not take into consideration any elements pertaining to the Erieview Urban

Renewal Plan without fully and completely advising the jury as to the scope of such plan.

All of the witnesses who testified as to land values said that the existing new structures, streets, freeways (both existing and in process of development), airport and harbor development, enhanced the value of the Grisanti property. The trial court refused, however, to permit any testimony with respect to the effect on the value of the Grisanti property of the proposed urban renewal development which, when completed, would utilize the lands herein sought to be taken. Mrs. Grisanti insisted that the use of her land by the urban renewal project for a high-rise office building would enhance the value thereof, and that consequently she was entitled to show the effect it would have on her land, even though such project could not be completed without her land.

There was no specific description of the Erieview Urban Renewal Project, or the Erieview Project; however, reference was made to it, and the general area outline of the renewal project was testified to by certain witnesses.

The trial court in its instruction to the jury said:

"It is the law of Ohio, and therefore applicable to this case, that where one entire plan has been adopted for a public improvement, and from its inception a certain tract of land has been actually included therein, and where the appropriation is a condition precedent to the existence of the improvement, the owner of such tract, in a condemnation proceeding therefore, is not entitled to an increased value which may result from the improvement.

"Under the circumstances of this case, therefore, the owner is not entitled to an increased value, if any, which may result from the improvement for which the property is being appropriated, nor, by the same token, is the city of Cleveland entitled to any decreased value, if any, which may result from said improvement."

The Supreme Court of Ohio said, *In re Appropriation by Supt. of Public Works: Sowers, Supt., v. Schaeffer et al.,* 155 Ohio St., 454:

"3. The rule of valuation in a land appropriation proceeding is not what the property is worth for any particular use but what it is worth generally for any and all uses for which

it might be suitable, including the most valuable uses to which it can reasonably and practically be adapted.''

The highest and best use of this property as of the time of taking was (according to the testimony of experts) not the construction of an office building; nor can the value of this property be determined after the construction of the improvement, which can only be completed if this land is used. Without the Grisanti land there would be no improvement, and without the improvement this 50-x 120-foot parcel may only be used for the purposes set out in the existing law—not some use fixed by a law that is effective in the future when the land is a part of a new improvement. *Board of County Commrs.* v. *Thormyer, Acting Director of Highways,* 169 Ohio St., 291.

The rule laid down in Ohio, in cases such as we have herein, which rule has not been overruled or modified, is found in *Nichols* v. *City of Cleveland,* 104 Ohio St., 19, wherein the court said:

''1. Where one entire plan has been adopted for a public improvement and from the inception a certain tract of land has been actually included therein, the owner of such tract in a condemnation proceeding therefor is not entitled to an increased value which may result from the improvement, where its appropriation is a condition precedent to the existence of the improvement.''

We do not find that the court erred in limiting Mrs. Grisanti to the highest and best use to which this land could lawfully be put on the day it was acquired.

We have examined all of the claimed errors, and find none prejudicial to the substantial rights of the appellant, Mrs. Grisanti.

The judgment must be affirmed.

Judgment affirmed.

DOYLE and HILDEBRANT, JJ., concur.