By the Court.
 

 The record in this case discloses many assignments of technical error, but the only one requiring the comment of this court is that relating to special charge No. 1 requested by the state and given to the jury by the trial court before argument. This reads as follows: /
 

 “The court instructs you that if you find from the evidence that the defendants, William Hobbs and Charles Vincent Rose, o reither of them, pursuant to a
 
 *57
 
 conspiracy or common design, entered upon the premises occupied by Mike Yertich in the city of Hamilton, Butler county, Ohio, with intent to break and enter the building on said premises, and said defendants, or either of them, committed some overt act in attempting to break and enter said building, then the defendant, William Hobbs, would be guilty of attempting to perpetrate a burglary.”
 

 The defendant’s complaint is that this charge is prejudicially erroneous because it omits the words “with intent to steal.” He insists the instruction should have stated that the attempt to break and enter was for the purpose of stealing.
 

 On the other hand the state contends, first, that the charge is correct, and, second, even if technically erroneous, it is not prejudicial.
 

 At the threshold of this discussion it must be observed that in the trial of a criminal case the giving of requested instructions before argument is merely discretionary and not mandatory as in a civil trial. Thus in the instant case neither the state nor the defendant was entitled to such instruction as a matter of right.
 

 Was the instruction technically erroneous? If intended as a definition of burglary it of course should have included the words “with intent to steal.” However, it is contended by the state that the instruction was requested, given and understood as serving the wholly different purpose of stating the law on the subject of aiding and abetting. The state based the request upon the evidence that although the defendant did the shooting and killing, he was not the one who actually made the attempt to break into the' building; he merely was present and assisted in this phase of the crime. But if it be assumed that under the circumstances the words “with intent to steal” technically should not have been omitted, was this in fact prejudicial to the defendant? An examination of the record discloses that neither at the time the requested instruc
 
 *58
 
 tion was given nor at the conclusion of the general charge did the defendant bring the omission to the attention of the trial court. As to this fact the defendant takes the position that the omission was in reality an error of commission by the court and that therefore he was under no duty whatsoever to mention the matter to the court. But even if it be assumed that this was an error of commission imposing no responsibility upon the defendant, was it prejudicial under the evidence in this case? As already indicated the defendant did not testify before the jury to explain or deny any of the acts of which he was accused, although he previously had made confessions both orally and in writing, and these were offered and received as a part of the evidence in this case. A careful study of the record reveals no contradiction of. the state’s evidence that the purpose for which the defendant and his associates went to the building that night was to break into it and steal some money. In his confessions the defendant not only did not deny this fact but admitted it. With the evidence thus not in conflict on this point can it reasonably be said that the defendant actually was prejudiced by the trial court’s omission of the words “with intent to steal”? Under the provisions of Section 13449-5, Ueneral Code, “No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court * * * for any misdirection of the jury unless the accused was or may have been prejudiced thereby * * In the case of
 
 State
 
 v.
 
 Driscoll,
 
 106 Ohio St., 33, 138 N. E., 376, the second paragraph of the syllabus reads as follows:
 

 “Upon an indictment of rape charging the defendant with carnal knowledge of a female person other than the daughter or sister of the accused and not being a female under twelve years of age, where the uncontradicted evidence shows such female person to be no relation to the acused and to be over twelve years of
 
 *59
 
 age, the omission by the trial judge to instruct the jury that they must find that the subject of the rape was a female person other than the daughter or sister of the accused and not under twelve years of age, without any request on the part of counsel for the accused for such instruction, is not reversible error. ’ ’
 

 By reason of the uncontradicted evidence in this case it is' the view of this court that there is no basis upon which to predicate a holding that the defendant “was or may have been prejudiced” by the questioned omission. On the contrary the record indicates that substantial justice has been done by the jury and the lower courts. The judgment of conviction must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams and Gorman, JJ., concur.