[Crim. No. 1026.   Department One.—January 19, 1904.]

## THE PEOPLE, Respondent, v. WILLIAM KEITH, Appellant.

CRIMINAL LAW—RAPE—INSTRUCTION—COMPLAINT OF WRONG—RULE OF EVIDENCE.—Where the defendant was accused of rape, and the testimony was uncontradicted that the prosecutrix made prompt complaint, it was proper to instruct the jury that "upon the trial of a defendant accused of the crime of rape, the fact that the prosecutrix made prompt and early complaint of the wrong and injury done to her person and to her character and chastity, is independent and original evidence, and is admissible, and may be received and considered by the jury in corroboration of her other testimony given in the case." Such instruction merely states a well-recognized rule of evidence, applicable generally in such cases, and does not inform the jury of the facts or testimony in the case, and is not objectionable as singling out the testimony of a particular witness for comment.

ID.—INSTRUCTION AS TO PROVINCE OF JURY—CONVICTION UPON TESTIMONY OF PROSECUTRIX.—An instruction to the effect that it is the province of the jury to determine the weight and credibility to be given the testimony of the prosecutrix "as of any other witness testifying in the case," and that "if such testimony creates in the mind of the jury a satisfactory conviction and belief beyond a reasonable doubt of the defendant's guilt, it is sufficient of itself, without other corroborating circumstances or evidence, to justify a verdict of guilty," is not objectionable, either as omitting to refer to a complaint of the prosecutrix, or as telling the jury that if they believe the prosecutrix they should convict.

ID.—REFUSAL TO INSTRUCT AS TO LESSER OFFENSES—INAPPLICABILITY TO EVIDENCE.—Where the evidence admitted of no doubt of the fact of sexual intercourse, which, if without consent, was rape, or, if with consent, included no offense within the crime charged, a re-

quested instruction that the jury might find the defendant guilty
of less offenses specified, was properly refused as inapplicable to
the evidence.

ID.—REASONS FOR REFUSAL OF INSTRUCTIONS.—It is not material what
reasons were assigned by the judge for the refusal of requested in-
structions, if they were properly refused for any reason.

ID.—INSTRUCTION SINGLING OUT TESTIMONY OF WITNESS.—It is not
error to refuse an instruction which singles out the testimony of
a particular witness for comment.

ID.—REQUESTS EMBODIED IN CHARGE.—Requested instructions embodied
in the charge of the court may be properly refused.

ID.—EVIDENCE—PHYSICAL CONDITION OF PROSECUTRIX—TREATMENT.—
Where the prosecuting witness testified to a prompt complaint to
her mother, the admission of further evidence by her relative to
her physical condition at that time, and to treatment by her mother
to relieve that condition, was not objectionable as telling about the
facts of the complaint.

ID.—REMARKS OF COURT—CAUTION AGAINST ERROR.—Where the court
in sustaining an objection made by the defendant, remarked, "I
don't propose to have this case go up there, and be reversed again,
if I can help it," the reasonable inference from the remarks is, that
the court only desired to be right in his ruling and to avoid error
or mistake therein, and though unnecessary, there is no prejudicial
error in the remarks.

APPEAL from a judgment of the Superior Court of Yolo
County.  E. E. Gaddis, Judge.

The facts are stated in the opinion.

William S. Wall, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant
Attorney-General, for Respondent.

CHIPMAN, C.—This is an appeal from the second judg-
ment of conviction of defendant for the crime of rape.  The
verdict of guilty is not called in question otherwise than
through alleged errors of law occurring at the trial.

1. The court instructed the jury as follows: "Upon the
trial of a defendant accused of the crime of rape the fact that
the prosecutrix made prompt and early complaint of the
wrong and injury committed upon her person, and to her
character and chastity, is independent and original evidence

and is admissible and may be received and considered by the jury in corroboration of her other testimony given in the case.''

The objections urged are: 1. That the court ''tells the jury that it is a fact that the prosecution made prompt and early complaint''; 2. That the court by the instruction ''distinguishes between one part of her testimony and the other,'' by stating that it was a fact that she made prompt and early complaint; 3. Also, that the court told the jury that her testimony was ''independent and original evidence''; and 4. That the instruction points out as the fact that ''her chastity and character has received a wrong and an injury.'' The instruction states a well-recognized rule of evidence in this class of cases as applicable generally ''upon the trial of a defendant''; it in no sense can be held to be equivalent to saying—''the fact as testified to by the prosecutrix that she made prompt complaint,'' etc., or that ''it is a fact that the prosecutrix made prompt and early complaint.'' The evidence is uncontradicted that she did make such complaint, but we do not think the instruction informs the jury that the fact was as she testified. That the instruction is a correct statement of the law is held in *People* v. *Lambert,* 120 Cal. 170, and *People* v. *Wilmot,* 139 Cal. 103, and we can see no error in so informing the jury.

2. The court instructed the jury that it is their province to determine the weight and credibility ''to be given the testimony of a female upon whom it is alleged in an information that a rape has been committed, and who testifies to the facts and circumstances of such rape as of any other witness testifying in the case. And if such testimony creates in the mind of the jury a satisfactory conviction and belief beyond a reasonable doubt of the defendant's guilt, it is sufficient of itself without other corroborating circumstances or evidence to justify a verdict of guilty of rape upon the trial of the case.'' The objection urged is, that the court singles out the testimony of the prosecutrix and tells the jury how much weight they are to attach to it, and that under this instruction the jury might have found the defendant guilty though the prosecutrix never made complaint to any person. So far as making seasonable complaint to some relative or friend is con-

cerned, it is not necessary to a legal conviction. This is but
a circumstance in the case, and is received as corroborative of
the testimony of the prosecutrix as to the criminal act itself.
Failure to make prompt complaint might be in some cases a
strong circumstance, if unexplained, contradictory of the
prosecutrix, but not necessarily conclusive. The remaining
objection is based upon the decision of this court in *People*
v. *Johnson,* 106 Cal. 294, and *People* v. *Barker,* 137 Cal. 557.
In those cases the instruction was as follows: "While it is
the law that the testimony of the prosecutrix should be care-
fully scanned, still this does not mean that such evidence is
never sufficient to convict; if you believe the prosecutrix, it
is your duty to render a verdict accordingly." The chief ob-
jection to this instruction made by the court was, that it took
from the jury the question of the intent with which the acts
of the defendant were committed; that it might be true that
defendant did all the acts testified to and not have intended
to commit rape, and yet the jury were not at liberty under
the instruction to so find. Both these cases were assaults with
intent to commit rape. In the instruction now before us the
jury are first told that it is within their province to determine
the weight and credibility to be given the testimony of the
prosecutrix who testifies to the facts as of any other witness,
and in the second place that if her testimony creates in the
minds of the jury a satisfactory conviction beyond a reason-
able doubt of defendant's guilt it is sufficient without other
corroborating circumstances. This is very far from telling
the jury if they believe the prosecutrix they must find the
defendant guilty. The jury are told that they must be con-
vinced of defendant's guilt beyond a reasonable doubt, while
in the cases cited the jury were told to convict whether the
facts constituted guilt or not. Here the jury were fully in-
structed as to what must be proved, and how proved, before
there could be a conviction, and if defendant's guilt was thus
established beyond a reasonable doubt by the testimony of the
prosecutrix, it would be sufficient. The instruction complained
of is not open to the objections made to the instruction in the
cases last above cited.

3. It is complained that the court refused to instruct that
the jury might find the defendant guilty of rape, assault with

intent to commit rape, attempt to commit rape, battery and assault, and in fact instructed only as to the crime charged. The evidence in the case admitted of no doubt as to the sexual intercourse. If it was with the consent of the prosecutrix, there was no offense at all included in the crime charged; if it was without her consent and under the circumstances, it could have been nothing but rape. It was one thing or the other, and there was no evidence tending to reduce the offense. The court did not err. (*People* v. *Chavez*, 103 Cal. 407; *People* v. *Lopez*, 135 Cal. 23; *People* v. *Swist*, 136 Cal. 520.)

4. Defendant's instructions marked XI and XII were refused, and this is claimed to be error. In the first of these the court was asked to instruct the jury that the defendant was a competent witness and that the jury "are as much bound to consider the evidence given by the defendant in the case as that of any other witness, and to give it all the weight you believe it entitled to." The instruction was indorsed— "Refused, because the defendant did not testify." The second of these instructions was that "If, from all the testimony in the case, that of defendant included, there remains a probability of defendant's innocence, it is sufficient to raise a reasonable doubt of his guilt and to entitle him to a verdict of not guilty." Marked "Refused for the same reason as stated above." The defendant testified in the case, and the court no doubt inadvertently stated the ground of its refusal as it did. It is not material for what reason the instructions were refused; they did not go to the jury nor did the court's reasons indorsed thereon. This court has held it not error to refuse an instruction which singled out the testimony of a particular witness for comment. (*People* v. *Patterson*, 124 Cal. 102; *Thomas* v. *Gates*, 126 Cal. 1; *People* v. *Arlington*, 131 Cal. 231; *People* v. *Lonnen*, 139 Cal. 634.) Instruction XX was general and applied to all witnesses, including defendant, and covered the point that the jury should "give such credit to each witness as, under all the circumstances such witness seems to be entitled to." The case of *People* v. *Cowgill*, 93 Cal. 596, cited by appellant, does not sustain him. There the objectionable clause, stricken out by the court before the instruction was given, was in substance embodied in the in-

struction asked in this case. The instruction given as to the testimony of the prosecutrix (people's instruction, numbered XIX) first above noticed, involves an entirely different question than the one now before us, and was not amenable to the objection that it singled out a particular witness.

As to the instruction marked XII, the court instructed the jury with clearness and repeatedly to the same effect as asked by defendant, and hence defendant was not injured. That instructions given in substance need not be repeated has often been held here.

5. Error is claimed on the alleged ground that the court permitted the prosecutrix "to tell about the facts of the complaint." The testimony complained of did not relate to the particulars of the alleged rape or of the complaint made, but related to the physical condition of the prosecutrix at the time she complained to her mother shortly after the assault, and also related to certain treatment by her mother to relieve the condition in which the prosecutrix then was. We cannot see but that she was as competent a witness upon these facts as her mother or other person cognizant of them.

6. In sustaining defendant's objection to certain questions put to the prosecutrix by the district attorney, and referring to the decision of this court upon a point arising at the former trial the court remarked: "I don't propose to have this case go up there and be reversed again if I can help it." It is contended that "by this remark the court plainly told the jury that the court fully expected their verdict to be that of guilty" and "that the court wanted the defendant convicted." If such an inference could reasonably have been drawn by the jury from the remarks of the court, we might well presume that they were prejudicial, and therefore error; but we think counsel attribute unwarranted importance to this remark. Trial judges should always endeavor to so rule as to avoid reversal; for presumably they thus avoid error, and error is always to be avoided. A more reasonable inference to be drawn from the remarks is, that the court desired only to be right in his ruling, and meant no more than if it had said to counsel, "I wish to avoid making a mistake in my ruling, and will sustain the objection." The remarks were

unnecessary, but we can discover no prejudicial error in them.

It is advised that the judgment and order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

> Angellotti, J., Shaw, J., Van Dyke,. J.