[Crim. No. 2060.   Fourth Dist.   July 8, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. CHESTER
ERB, Defendant and Appellant.

Heinly, Hewett, Rickles & Heinly and William A. Dougherty for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Gilbert F. Nelson and David B. Stanton, Deputy Attorneys General, for Plaintiff and Respondent.

COUGHLIN, J.—In a two-count information the defendant was charged with the offenses of forcible rape and assault with intent to commit rape; was found not guilty of the former and guilty of the latter; was sentenced to imprisonment in the state prison; and appeals.

The information was filed on November 8, 1963. At this time defendant was incarcerated in the Los Angeles County jail, and for this reason did not appear at arraignments scheduled for November 8, 1963, December 24, 1963 and January 3, 1964. On January 10, 1964, a date to which his arraignment had been reset, defendant and his counsel appeared and moved to dismiss the information, pursuant to section 1382 of the Penal Code, upon the ground he had not been brought to trial within 60 days after the filing thereof. The motion was denied. Thereafter he waived the statutory requirement and the case was set for March 4, 1964, at which time he was tried and convicted of assault with intent to commit rape. He contends that he was denied the right to a speedy trial as guaranteed by section 1382 of the Penal Code and the Sixth Amendment to the federal Constitution.

■ The requirement prescribed by section 1382, that a defendant be brought to trial within 60 days after the filing of an information, is predicated upon the absence of "good cause to the contrary." ■ What constitutes "good cause" under the circumstances is a matter for determination by the trial court in the exercise of a legal discretion, and in the absence of a showing of an abuse of that discretion its determination in the premises will not be interfered with on appeal. (*In re Lopez,* 39 Cal.2d 118, 120 [245 P.2d 1]; *People* v. *McFarland,* 209 Cal.App.2d 772, 776 [26 Cal.Rptr. 596].)

■ The fact that the defendant was incarcerated in a jail in a county other than that in which the information had been filed was good cause for continuing his arraignment until he could be present. It should be noted that thereafter he consented to a further continuance of the matter, and expressly waived compliance with the statutory requirement. There was no denial of the defendant's right to the speedy

trial conferred by statute. Nor was there a denial of the speedy trial guaranteed him by either the state or federal Constitution.

"What constitutes a speedy trial must be determined in the light of all the circumstances." (*People* v. *Godlewski,* 22 Cal.2d 677, 682 [140 P.2d 381].) The circumstances in this case do not indicate an absence of the speedy trial constitutionally guaranteed. (*People* v. *Burns,* 128 Cal.App. 226, 229 [16 P.2d 1015].)

Defendant also contends that institution of the proceedings against him by information instead of by indictment violated a constitutionally guaranteed right. Similar claims were asserted and rejected in *Hurtado* v. *California,* 110 U.S. 516 [4 S.Ct. 111, 113, 292, 28 L.Ed. 232], *Kalloch* v. *Superior Court,* 56 Cal. 229, 233, and *People* v. *Reed,* 210 Cal.App.2d 80, 84 [26 Cal.Rptr. 428].

The offense of which the defendant was convicted was committed on October 3, 1963, shortly after midnight, in a rural area devoid of homes and businesses, where the defendant had stopped his automobile while he and the victim, age 20, were returning to their homes from a dinner and dance date.

█ The defendant contends the evidence is insufficient to prove that the offense was committed in Orange County, and for this reason the superior court of that county has no jurisdiction to try the case. █ Venue rather than jurisdiction is the issue involved; may be established by circumstantial evidence (*People* v. *Calderon,* 205 Cal.App.2d 566, 574 [23 Cal.Rptr. 62]) ; and need not be proved beyond a reasonable doubt, but only by a preponderance of the evidence. (*People* v. *Carter,* 10 Cal.App.2d 387, 389 [52 P.2d 294].) █ There is substantial evidence supporting the conclusion that the place where the defendant stopped his automobile was on Valencia Road, approximately $2\frac{1}{2}$ miles from its intersection with Carbon Canyon Road, in the County of Orange. The contention is without merit.

█ After stopping, the defendant asked the victim to have sexual intercourse with him; when she refused, threatened to kill her if she did not submit; and engaged in a struggle to force her submission during the course of which he bruised her arms and struck her several times on the chin. The victim testified, in substance, that this struggle was consummated by an act of sexual intercourse after which the defendant drove her home. The victim was living at the home of Mr. and Mrs. Helyi. After arriving there she told Mrs.

Helyi what had happened. On the morning of the same day Mr. Helyi received a telephone call from a person who identified himself as Chester Erb and said: "I am the guy who took Rita out last night"; that he wanted to apologize for what happened; that he was drunk; that he could not recall what happened, but knew that his underwear was smudged or was wet so he did not know if he raped the girl or not; and that he had an examination by a doctor who stated he was impotent so he did not feel there would be any consequences. So far as Mr. Helyi knew, he had never heard the voice of the person talking to him prior to this telephone call.

That afternoon the victim went to a doctor who examined her; observed bruises upon her arms and a contusion on her chin; and also observed abrasions just inside the labia, but concluded from the nature thereof that they were not caused by penetration in an act of sexual intercourse. The doctor reported the incident to the police and the latter arrived at the victim's home the next day. About five days after the incident, photographs of the bruises resulting from the blows the victim had received during her struggle were taken by the police. A laboratory examination of the clothes she wore disclosed the presence of seminal stains.

The telephone conversation with Mr. Helyi was admitted into evidence without objection. On appeal the defendant contends that testimony relating such was inadmissible because the voice of the caller was not identified as his, the defendant's, voice, and the statements made were inadmissible hearsay. His failure to object at the time of trial is sufficient reason for refusing to consider his objection on appeal. (*People* v. *Millum,* 42 Cal.2d 524, 526, 528 [267 P.2d 1039].) Furthermore, admission of the testimony in question was not erroneous. The content of statements made by a person over a telephone may identify him. (*People* v. *Nails,* 214 Cal.App. 2d 689, 692-693 [29 Cal.Rptr. 671]; *People* v. *McGaughran,* 197 Cal.App.2d 6, 16 [17 Cal.Rptr. 121].) At the time of the subject telephone call only the defendant, the victim, and Mr. and Mrs. Helyi knew of the events of the preceeding evening to which the telephone conversation referred. The inference is obvious that the person talking to Mr. Helyi was the defendant. The hearsay rule did not foreclose admissibility of the testimony relating the conversation. (Code Civ. Proc., § 1870, subd. 2.)

The defendant offered and the court refused two instructions which, in substance, would have advised the jury

that an assault committed with only an intent to have sexual intercourse would amount to simple assault, and that the jury might find the defendant guilty of the lesser included offense of simple assault. There was no evidence in this case from which the jury could have concluded that the assault by the defendant upon the victim was with any other intent than to force her to submit to an act of sexual intercourse. Under these circumstances, the refusal to give the two requested instructions was not error. (*People* v. *Keith,* 141 Cal. 686, 689 [75 P. 304]; generally see *People* v. *Zilbauer,* 44 Cal.2d 43, 49 [279 P.2d 534].)

Defendant invokes the rule in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], as a further ground for reversal, directing attention to the admission into evidence of testimony relating statements made by him to a police officer. These statements were made prior to his arrest and it is doubtful that they were made during the accusatory stage of the proceedings as that stage is defined in *Dorado.* In any event, the statements were not incriminating, but were exculpatory, and for this reason are not within the *Dorado* rule. (*People* v. *Soto,* 232 Cal.App.2d 437, 444 [42 Cal.Rptr. 799]; *People* v. *Ulibarri,* 232 Cal.App.2d 51, 55 [42 Cal.Rptr. 409].)

Reliance also is placed upon the decision in *Griffin* v. *California,* 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106], as ground for reversal. Upon completion of the prosecution's case the defendant rested; did not testify on his own behalf; and presented no evidence. The deputy district attorney referred to this fact, in his closing argument, by stating: ''Of course, where the defendant is not even willing to take the witness stand and deny the commission of the acts, I suppose there is really not much for you to decide, but I will go over it anyway, since I have some duty in this respect.

''We do have the burden of proof. I don't mean to imply that he has to prove anything, but we do have to prove our case, but where he doesn't even deny our case, I don't think there is too much you are going to have to hash out.''

The court gave the instruction commenting on defendant's failure to testify which was condemned in *Griffin* v. *California, supra,* 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106].

Assuming the comment by the district attorney constituted misconduct and accepting the fact that the court's comment constituted error, the issue for determination is whether such misconduct and error require a reversal of the

judgment. Under the holding in *People* v. *Bostick,* 62 Cal.2d 820, 827 [44 Cal.Rptr. 649, 402 P.2d 529], the rule prescribed by article VI, section 4½ of the California Constitution is applicable to this situation. After an examination of the entire cause, including the evidence, and applying the miscarriage of justice test approved in *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243], we have concluded that the misconduct and error in question do not authorize a reversal. The case presented by the prosecution against the defendant upon the charge of which he was convicted was uncontradicted. The testimony of the victim establishing the offense of assault with intent to commit rape was corroborated by evidence of the physical injury she had sustained, by the fact she complained of the defendant's conduct immediately upon her arrival home, by the seminal stains upon her clothing, and by the defendant's telephone conversation with Mr. Helyi. It is inconceivable that the jury would have found the defendant not guilty of the offense of assault had neither the district attorney nor the court commented upon the fact that he failed to testify. Even though comment upon the defendant's failure to testify may have been improper, the fact remains that he did not testify and the case made out against him by the prosecution was uncontradicted. Through his attorney he argued to the jury that the bruises the victim received may have been sustained while she was dancing or, because she had gone to the beach after the alleged assault and before the time when pictures of the bruises were taken, they may have been sustained while she was swimming in the surf. The latter inference ignores the fact that the bruises were observed by Mr. and Mrs. Helyi, by the doctor, and by the police before the victim had gone to the beach. This was a grasping-at-straws type of argument which emphasizes the strength of the case against the defendant.

The verdict finding the defendant not guilty of rape is consistent with the testimony of the doctor that, in his opinion, the bruising of the labia was not caused by penetration in an act of intercourse, but by other means. Acceptance of this testimony did not discredit that of the victim with respect to incidents other than the act of penetration, about which it was obvious she related only her belief concerning the object of penetration. It would appear that insofar as the offense of rape was concerned the jury was not influenced by the comments of the deputy district attorney or the court, and this fact supports the conclusion that they were not influenced

by such comments in finding the defendant guilty of assault with intent to commit rape.

▮ The defendant moved for a new trial. At the hearing on the motion his counsel argued the matter and engaged in a discourse with the court which culminated in setting a date for hearing upon an application for probation. No formal expression of an order denying the motion for new trial was made. The defendant contends that the court did not rule upon it. There is no merit to this contention. The record shows that the arguments presented by counsel in support of the motion were considered and expressly rejected. Subsequently the application for probation was denied and the defendant sentenced to imprisonment in the state prison. Thereupon the court stated:

"For the record, I don't know whether the Court made the statement in so many words last week that the motion for new trial was denied, but I guess we all understood it was, so we will make the record complete on that point." Under the circumstances, the pronouncement of judgment was equivalent to a formal order denying defendant's motion for a new trial. (*People* v. *Blackman,* 223 Cal.App.2d 303, 306 [35 Cal.Rptr. 761].)

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 2, 1965.