[Crim. No. 2060.   Fourth Dist., Div. One.   Feb. 19, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. CHESTER ERB, Defendant and Appellant.

William A. Dougherty, under appointment by the Court of Appeal, and Heinly, Hewett, Rickles & Heinly for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Gilbert F. Nelson and David B. Stanton, Deputy Attorneys General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant was charged with the offenses of forcible rape and assault with intent to commit rape; was

found not guilty of the former and guilty of the latter; appealed from the judgment, which was affirmed by this court on July 8, 1965 (*People* v. *Erb*, 235 Cal.App.2d 650 [45 Cal. Rptr. 503]); and petitioned the Supreme Court of California for a hearing, which was denied September 2, 1965.

▇ The remittitur thereupon issued has been recalled and our decision has been vacated to give further consideration to the effect of comments upon defendant's failure to testify in light of *Chapman* v. *California*, 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824].

With the additions hereinafter noted, we adopt our former opinion filed herein on July 8, 1965. (*People* v. *Erb, supra,* 235 Cal.App.2d 650.)

There is no doubt the jury would have found defendant guilty of the assault offense even though no comment had been made about his failure to testify. We have documented this conclusion in our former opinion. In addition, the record establishes beyond a reasonable doubt the comments did not play a substantial part in the prosecution's case; could not have had any effect upon the deliberations of the jury; and did not contribute to the verdict obtained. (Gen. see *Chapman* v. *California, supra,* 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824]; *People* v. *Modesto,* 66 Cal.2d 695, 711-714 [59 Cal. Rptr. 124, 427 P.2d 788].)

In reality the sole issue for determination was whether or not the testimony of the victim should be accepted or rejected in whole or in part. Her testimony not only supports the conviction of the assault offense but is uncontradicted in this regard; is corroborated in part by statements of the defendant to the police and by his counsel to the jury; and also is corroborated by circumstances established by the uncontradicted testimony of other witnesses. Defendant, in a statement to the police, and his counsel in an opening statement to the jury, corroborated the fact the victim and defendant went to Long Beach and shared a dinner and dance date on the occasion in question; the route defendant selected to return home went through a deserted area and was different from that taken in going to Long Beach; on the way home defendant stopped the car in a desolate place; he returned the victim to her home; and thereafter, in response to inquiries from the police, related this course of events to them. Thus, any concern respecting the credibility of the victim's testimony is limited to that relating the events which occurred when defendant stopped his automobile. In his statement to the

police he said he stopped and got out for the purpose of relieving himself; he did not rape the victim; and he did not have sexual intercourse with her. His denial to the police did not impeach the credibility of the victim's testimony to the contrary. Corroborating her testimony relating the assault was the fact upon arriving home she awakened Mrs. Helyi and told the latter what had happened; she was bruised about the arms and on the chin; these bruises were observed by Mr. and Mrs. Helyi, the police and a doctor; pictures of the bruises were taken and introduced into evidence; Mr. Helyi received a telephone call from a man who identified himself as Chester Erb, indicating he may have raped the victim, offered drunkenness as an excuse, and extended his apology; the medical examiner testified he observed bruises upon the victim's arms, a contusion on her chin and abrasions just inside the labia which, in his opinion, most likely were caused by a fingernail; and there were seminal stains on the clothing worn by the victim at the time of the assault.

The comments by the district attorney respecting defendant's failure to testify were an incident to his assertion the testimony of the victim was uncontradicted; did not imply the failure to testify was proof of guilt; and did not assert the failure to testify was ground for accepting inferences supported by the evidence unfavorable to defendant as the more probable.

The comment by the court in its instruction included the charge that a defendant's failure to testify may be taken into consideration as tending to indicate the truth of evidence against him which he could explain or deny, and that among the inferences reasonably to be drawn from the evidence those unfavorable to the defendant are the more probable. The prosecution's case was predicated upon acceptance of the victim's testimony to establish the elements of the offense charged. In light of this circumstance, the facts established by this testimony, which was direct evidence, and the corroborating facts, also established by direct evidence, the effect of that part of the instruction referring to inferences was insignificant and inconsequential. For like reasons, the effect of that part of the instruction advising the jurors they could take into consideration defendant's failure to testify as tending to indicate the truth of evidence which he could explain or deny, also was insignificant and inconsequential.

The fact the jury found defendant not guilty of the offense

of rape demonstrates the ineffectiveness of the comments by the district attorney and the instruction of the court upon its deliberations. The victim testified defendant actually accomplished an act of sexual intercourse with her. The medical examiner was of the belief the penetration experienced by the victim was by a finger. The object of penetration was the only fact about which the victim testified that was contradicted by other evidence. The jury concluded the testimony of the medical examiner created a doubt whether an act of sexual intercourse occurred; obviously was unaffected by the comments of the district attorney or the instruction of the court; and found the offense of rape had not been committed. No reason exists for concluding the jury was influenced by those comments or that instruction in determining the uncontradicted and corroborated testimony of the victim established defendant was guilty of the assault offense.

As noted in our former opinion, counsel for defendant argued to the jury that the bruises the victim received may have been sustained while she was dancing or while she was swimming in the surf. Undoubtedly counsel was referring to the bruises on the victim's arms and chin. There is no evidence the dancing was of a bruising nature. The swimming took place after Mr. and Mrs. Helyi, the doctor and the police had seen the bruises. This argument could not have generated "any real doubt in the mind of a reasoning juror"; the defense premised thereon was inherently implausible; and the comments of the deputy district attorney or the instruction of the court as directed to that defense did not prejudice a substantial right of the defendant. (*People* v. *Modesto, supra,* 66 Cal.2d 695, 711-714.)

After a review of the entire record, including the evidence, the comments of the deputy district attorney, and the instruction of the court, we are convinced and expressly declare our belief the error in the comments and in the instruction respecting defendant's failure to testify was harmless beyond a reasonable doubt. (Gen. see *People* v. *Ross,* 67 Cal.2d 64, 73-76 [60 Cal.Rptr. 254, 429 P.2d 606]; *People* v. *Modesto, supra,* 66 Cal.2d 695, 711-714.)

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred

Appellant's petition for a hearing by the Supreme Court was denied April 17, 1968.