[Crim. No. 856. Fifth Dist. Dec. 1, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT WILLIAM ARLINE, Defendant and Appellant.

## COUNSEL

Thomas A. Castelazo, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert E. Venturi and Gary Allon Larson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

GINSBURG, J.*—Appellant appeals from a judgment entered pursuant to a jury verdict convicting him of violation of Penal Code section 211a, armed robbery. The robbery occurred at approximately 2 a.m. on June 20, 1969, at a service station known as Larry's Douglas Station, located at Ventura and E Streets in Fresno. Two employees, one Jackson and one Gomez, were working on an automobile when they were approached by appellant and two others. Appellant threatened them with a gun, and under this threat they handed over the money in the cash box.

Appellant makes several specifications of error allegedly occurring during the course of the trial. These contentions will be discussed in order.

### I.

■ The information charged appellant with robbery of Jackson; the evidence showed that Jackson's coemployee Gomez had the key to the cash box at the time. Appellant contends that for this reason Gomez was the only victim. Both Gomez and Jackson were employees of the station, and both were threatened by the robbers. All of the acts specified in the information occurred in Jackson's actual physical presence. The items taken were within his constructive possession as well as the constructive possession of Gomez. It is established that an attendant or employee may be the victim of a robbery even though he is not in charge or in immediate control of the items stolen at the moment. (*People* v. *Downs*, 114 Cal.App.2d 758 [251 P.2d 369]; see also 1 Witkin, Cal. Crimes (1963) § 435, pp. 403-404, and cases cited therein.) Clearly, Jackson was one who was a victim of the robbery, and the information was sufficient in so charging.

### II.

■ Appellant next contends that the necessary jurisdictional facts were not shown at the trial in that there was no specific testimony that the

*Assigned by the Chairman of the Judicial Council.

robbery occurred within Fresno County. There was, however, circumstantial evidence consisting of the names of the streets where the service station was located, the proximity of the station to the home of a witness who lived in Fresno, and the fact that a Fresno City Police Department detective went to the service station to investigate the case. It is the rule that venue need not be shown by direct evidence; circumstances may establish venue. (See *People* v. *Erb,* 235 Cal.App.2d 650, 653 [45 Cal.Rptr. 503], and 259 Cal.App.2d 159 [66 Cal.Rptr. 274]; *People* v. *Kutz,* 187 Cal.App.2d 431, 434 [9 Cal.Rptr. 626].) ■ Furthermore, venue need not be proved beyond a reasonable doubt but only by a preponderance of the evidence (*People* v. *Erb, supra*). ■ There was sufficient evidence here to warrant a finding that the acts complained of occurred within Fresno County.

III.

■ Appellant's next contention is that the trial court erred in excluding relevant evidence which he argues tended to show that some person other than appellant committed the offense in question. An offer of proof was made by appellant outside the presence of the jury. He proposed to show that approximately two months after the robbery in question one Andrew Gordon robbed a service station; that the descriptions of Gordon and appellant were similar; that the modus operandi employed in the instant offense was similar to that allegedly used by Gordon in the latter offense; and that Gordon was in the Fresno area at the time of the instant offense and therefore could have committed it.

Gordon then was called to the stand and examined, likewise, outside the presence of the jury. He denied some facts which might have tended to involve him in the instant offense and then, on the advice of his counsel, refused to answer substantially all material questions, claiming his privilege against self-incrimination. The trial judge observed Gordon's physical characteristics and noted outstanding differences in height and general appearance between him and the appellant; he concluded that ". . . there isn't the slightest resemblance . . ." between them. He further noted differences in the modus operandi of the two offenses; in the instant offense a gun was used, and in the offense with which Gordon was charged a knife was used; in the offense here charged three persons acted in concert, while Gordon allegedly had acted alone in the offense charged against him. Upon the basis that the proffered evidence was of no probative value and that there was insufficient evidence to connect Gordon with this offense, the trial judge stated that he would exclude the testimony.

Counsel for appellant then again requested the opportunity to call the witness to conduct the same fruitless examination before the jury. The

court had previously stated that if appellant would produce evidence ". . . to show something reasonable and probable to connect . . ." Gordon with the instant offense, he would allow it to go before the jury, and counsel had advised the court that this was all of the evidence he had on the subject. The court then excluded Gordon's testimony and refused to permit him to be called before the jury upon the grounds that it would be prejudicial to the prosecution.

We hold that the trial court properly exercised its discretion in sustaining the objection to the proffered evidence and in refusing to allow the witness to be called and questioned before the jury. We recognize that proof that another person committed the offense in question would exculpate the appellant. Evidence tending to prove such a claimed fact is, however, subject to certain limitations. In *People* v. *Buono,* 191 Cal.App.2d 203, at page 228 [12 Cal.Rptr. 604], the court said: "A defendant may, of course, establish his innocence by proving directly or circumstantially that some other person or persons [committed the offense]. But the mere possibility that some third person did it is not enough. There must be some competent and substantial proof of a probability that this happened. *People* v. *Mendez,* 193 Cal. 39, 51, 52 [223 P. 65]: ' "It is always proper to show that some other person and not the defendant committed the crime with which he is charged." (*People* v. *Mitchell,* 100 Cal. 328, 333 [34 P. 698, 700].) The question herein is what kind and quality of evidence is essential to that end. . . . It seems clear that a defendant, in order to exculpate himself, should not be required to establish the guilt of a third person with the degree of certainty requisite to sustain a conviction of the latter. On the other hand, *it seems equally clear that evidence which simply affords a possible ground of possible suspicion against another person should be inadmissible.'* " (Italics added.)

Thus, before such evidence is admitted, it must pass the test of affording at least more than a possible ground of possible suspicion. In examining the evidence outside the presence of the jury the court followed the appropriate statutory procedure to determine a preliminary fact of admissibility.[1] The preliminary fact under the *Buono* test, *supra,* is that the evidence affords more than a possible ground of possible suspicion; it was not met here. No facts were established to connect Gordon with the crime, and the effect of the examination of Gordon was to elicit no evidence of significance; any other person accused of any other robbery would be equally open to suspicion. Detailed questioning concerning the facts and circumstances of the instant offense and the offense with which Gordon was charged, followed by Gordon's invocation of the protection of the Fifth Amendment, might well

---

[1] See Evidence Code sections 310, 400-403.

have created an impression of Gordon's possible guilt in the minds of the jurors that would have been difficult, if not impossible, to erase even by appropriate judicial admonition.

Whether proffered evidence should be excluded on the grounds it will be prejudicial is generally for the trial judge to decide. ██ "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will . . . create substantial danger of undue prejudice, . . ." (Evid. Code, § 352.) Even where evidence is relevant, it may be excluded for "counter-balancing factors," including undue prejudice. (See Witkin, Cal. Evidence (2d ed. 1966) § 308, p. 272; *People* v. *Chacon,* 69 Cal.2d 765, 777 [73 Cal.Rptr. 10, 447 P.2d 106].) ██ Here the proffered testimony had no probative value and little if any relevance; the only possible effect it could have on the outcome of the case would have been to create suspicion and, hence, prejudice in the minds of jurors.

Cases almost without number hold that evidence unduly prejudicial to the defendant, compared with its probative value, must be excluded.[2] ██ It would seem to be an elementary although too seldom enunciated principle that the prosecution as well as the defendant is entitled to the protection of the court from prejudicial evidence. ██ In this instance the trial judge properly afforded the prosecution such protection.

Other contentions of error made by the appellant are without merit.

The judgment is affirmed.

Stone, P. J., and Coakley, J., concurred.

---

[2]See, e.g., *People* v. *Chacon, supra,* 69 Cal.2d 765, 777; *People* v. *La Vergne,* 64 Cal.2d 265 [49 Cal.Rptr. 557, 411 P.2d 309]; *People* v. *Spriggs,* 60 Cal.2d 868, 871-872 [36 Cal.Rptr. 841, 389 P.2d 377]; *People* v. *Cavanaugh,* 44 Cal.2d 252 [282 P.2d 53]; *People* v. *Redston,* 139 Cal.App.2d 485, 491 [293 P.2d 880]; *People* v. *Burns,* 109 Cal.App.2d 524, 541 [241 P.2d 308, 242 P.2d 9], and cases cited therein.