Mark A. HEADLEY, Petitioner—Appellant,

v.

Glenn MUELLER, Warden, Respondent—Appellee.

No. 02–15131.

D.C. No. CV–97–20366–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Feb. 10, 2003.

Before B. FLETCHER, RAWLINSON and CLIFTON, Circuit Judges.

MEMORANDUM *

Petitioner Mark Headley appeals the district court's denial of his petition for a writ of habeas corpus, challenging his 1985 California state conviction for murder. Headley alleges that a series of blunders and pervasive incompetence by his trial defense counsel violated his Sixth Amendment guarantee to effective assistance of counsel. The district court—as well as state and appeals courts below—found that

* This disposition is not appropriate for publication and may not be cited to except as provided by Ninth Circuit Rule 36–3.

defense counsel's performance was deficient in a number of respects, but that Headley had not demonstrated prejudice as required under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Headley argues that counsel's ineptitude was so pervasive that prejudice should be presumed under *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Alternatively, if *Cronic* does not apply, Headley argues that ineffectiveness of counsel in two areas—regarding (1) the admission of drug use/motive evidence and (2) counsel's treatment of third-party culpability evidence—establish prejudice under *Strickland.* We affirm. Since the parties are familiar with the facts and procedural history, they will not be repeated unless necessary.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in order to prevail Headley must demonstrate that the state court's adjudication of the merits resulted in a decision that was (1) "contrary to," or (2) involved an "unreasonable application of," clearly established federal law. 28 U.S.C. § 2254(d).

Headley argues that the California courts and the district court failed to apply the correct controlling authority by imposing *Strickland'* s requirement that he demonstrate prejudice rather than presuming prejudice under *Cronic.* But prejudice is very rarely presumed. The Supreme Court reiterated in *Bell v. Cone,* 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), that prejudice is presumed only " 'if counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing,' " *Bell,* 122 S.Ct. at 1851 (quoting *Cronic,* 466 U.S. at 659) (emphasis added in *Bell* ). Headley's trial attorney did not entirely fail to challenge to prosecution's case.

█ If required to demonstrate prejudice, Headley cites his counsel's failure to object to and exclude certain evidence of Headley's drug use, critical in the prosecutor's case to establish a motive on the part of Headley. The state courts found, however, that admission of the evidence in question was likely even if there had been a better objection by Headley's attorney. Additionally, admissibility of evidence is a state law question. The district court was correct in holding that state court interpretations of state law are not reviewable on habeas by federal courts. *See Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Headley next contends defense counsel erred in five ways in his effort to argue that someone other than Headley committed the murder.

█ *First,* as for not researching the *People v. Arline,* 13 Cal.App.3d 200, 91 Cal.Rptr. 520 (1970) standard for admitting third-party culpability evidence, the district court correctly found that defense counsel presented the jury with the pertinent evidence through witness testimony. Moreover, at the hearing on the new trial, defense counsel testified that he was familiar with *Arline'* s heightened standard but tactically stalled in order to get as much possibly inadmissible evidence in as he could before the judge formally ruled on it. Under *Strickland,* objectively reasonable strategic choices are "virtually unchallengeable." *Strickland,* 466 U.S. at 690; *see also Hensley v. Crist,* 67 F.3d 181, 185 (9th Cir.1995).

*Second,* Headley contends that defense counsel switched defense theories in closing argument, and thereby ruined the credibility of Headley's defense at trial by tossing out the third-party culprit evidence and pointing the finger at the victim's mother. But a careful examination of the closing argument suggests something dif-

ferent. Although counsel's closing argument was far from clear, organized, or proficient, it did not ask the jury unambiguously to disregard the third-party evidence or plainly point the finger at Helen. Although reasonable attorneys and judges disagree about the quality of the closing, we cannot say that under AEDPA the closing warrants granting relief.

*Third,* as for the then-pending California Supreme Court case, *People v. Hall,* 41 Cal.3d 826, 226 Cal.Rptr. 112, 718 P.2d 99 (1986), to argue in hindsight that the trial court would have halted the trial pending the decision seems speculative at best. Thus, since judicial notice would not have changed anything, Headley has not established prejudice.

*Fourth,* with respect to the failure to raise constitutional arguments to admit the third-party culprit evidence, even if defense counsel had argued the unconstitutionality of *Arline,* since all the evidence, spare the letter, was admitted anyway, it is doubtful such an argument could have changed the outcome.

*Fifth,* having argued the third-party evidence was *admissible* and defense counsel blundered in three ways by not getting it in, Headley contends that if defense counsel had researched the law, he would have known the evidence was *inadmissible* and therefore would not have promised such evidence in his opening statement, thereby prejudicing Headley by failing to deliver on his promise. But since defense counsel managed to elicit the evidence on cross-examination, he did not fail to deliver on his general opening comments referring to a third-party culprit.

Accordingly, in assessing prejudice from defense counsel's third-party culpability defense, the state courts did not make an "unreasonable application" of *Strickland* to the facts of this case—especially in light of the deferential standard with which we review state-court decisions for "unreasonable application[s]" under § 2254(d)(1).

Because Headley is unable to show that the state court's decision was contrary to, or an unreasonable application of, federal law, the district court's denial of his petition is AFFIRMED.